## R. B. DUPREE ET AL. V. TOM DAVIS ET AL.

No. 4729.   Decided March 23, 1927.

(292 S. W., 523).

**Appeal—Interlocutory Order—Judicial Sale—Jurisdiction—Case Stated.**

In a suit for partition of real estate between heirs the property was ordered sold for partition by a trustee appointed by the court, subject to confirmation.   Sale thereof, reported by the trustee, was ordered confirmed; but at the same term this order of confirmation was vacated and set aside, from which order the purchasers at the sale appealed.   *Held,* that the order of confirmation, if it had not been set aside, would have been a final disposition of the sale, from which appeal would lie.   But the order vacating such judgment of confirmation was a mere interlocutory one, leaving the sale not set aside and its confirmation not finally disposed of.   From such order there was no provision in the statutes for appeal by parties to the proceeding, nor by the purchasers if they had made themselves parties thereto, and the appeal of the latter was properly dismissed for want of jurisdiction.   (Pp. 408, 409).

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from McLennan County.

The Supreme Court referred the questions to the Commission of Appeals, Section A, for their opinion thereon, and here adopt same and direct that it be certified as the answer of the court.

*Spell, Naman & Penland,* for appellants.

The first question should be, in our opinion, answered in the affirmative.   The following authorities sustain the proposition that the order setting aside the confirmation is a final order from which an appeal will lie:   16 Ruling Case Law, Secs. 61, 72, 73.   (See especially latter part of Sec. 61.)   After confirmation of the sale the purchaser has become the owner of the entire equitable title.   Black on Rescission, Vol. 2, Sec. 454; 16 Ruling Case Law, Sec. 52; McBride v. United Irrigation Co., 213 S. W., 988; New Britain Machinery Co. v. Watt, 180 S. W., 624; Hardin v. Smith, 49 Texas, 421.   (In above cases order confirming sale held appealable.)   Waters-Pierce Oil Co. v. State, 106 S. W., 326; Hirsfield v. Davis, 43 Texas, 155.   (In above cases refusal to confirm held appealable.)   Hughes v. Swope, 1 S. W., 394; State Natl. Bank v. Neel, 13 S. W., 700.   See also Art. 2249, Rev. Stats. of 1925.

In our opinion the second question should be answered in the affirmative.   The authorities set out below sustain the proposition that a purchaser at a judicial sale becomes from the time of his purchase in effect a party and subject to the jurisdiction

of the court. The trial court had jurisdiction of the appellants, who were the purchasers until the appeal was perfected. Then the trial court lost jurisdiction. The trial court had no jurisdiction to make the second sale, because this appeal had already been perfected. 35 Corpus Juris, p. 72, p. 57, Sec. 84; 16 Ruling Case Law, p. 80, Sec. 59; Am. & Eng. Anno. Cases, 1914, D, p. 754 and note; Miller v. Henry, 150 S. W., 700; Henry Quellmalz, Lumber & Mfg. Co. v. Day, 201 S. W., 125; Toler v. Ayers, 1 Texas, 398; McKinney v. Jones, 7 Texas, 598; Burks v. Bennett, 62 Texas, 277; Knickerbocker Trust Co. v. Carteret Steel Co., 86 Atl., 55; In re Two Rivers Woodenware Co., 199 Fed., 897.

*Nat Harris*, for appellee.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Tenth Judicial District certifies questions under statement as follows:

"This suit was originally instituted by Tom Davis et .al. against Lee R. Davis et al., being the heirs of ———— Davis, deceased, for a partion of their father's estate, which consisted of a tract containing about 457 acres of land in McLennan County. A judgment was rendered in the partition suit, adjudicating the interests of the various heirs and decreeing that the property could not be divided in kind. The trial court ordered it sold by a trustee which he appointed, the sale to be subject to the court's confirmation. Thereafter the trustee, I. Mack Wood, reported to the court that he had sold the property to appellants, R. B. Dupree and J. T. Willis, for the sum of $17,000.00, and the court did on March 1, 1926, confirm said sale and order the trustee to execute a deed to said Dupree and Willis upon their payment to him of the $17,000.00 in cash. Thereafter, on March 6, at the same term of court, the trial court on its own motion set for hearing the matter of setting aside the order which it had made confirming said sale, and on March 19th the court heard the matter and entered the following order:

" 'It is therefore on this, the 19th day of March, 1926, ordered, adjudged and decreed by the court on his own motion, which motion being based upon verbal protest of the contestants herein without any pleadings being filed or evidence adduced, that said order of confirmation be and the same is hereby in all things set aside and held for naught.'

"To said order so entered Dupree and Willis in open court

duly excepted and gave notice of appeal to the Tenth Court of Civil Appeals, and the cause is now pending in this court.

"The transcript filed in this court shows that Dupree and Willis filed and had approved their appeal bond on March 26, 1926, and thereafter on March 31, 1926, during the same term of court, the transcript shows that the trustee of said estate reported that he had sold the property to Mattie Caldwell and others for $20,550, which sale was on said date confirmed by the trial court.   As will appear from the dates, the sale to Mattie Caldwell and confirmation thereof was made by the trial court after Dupree and Willis had perfected their appeal by a cost bond to this court.

"The record shows that neither R. B. Dupree nor J. T. Willis, the sole appellants in this cause, filed any written pleadings in said courts; neither did they file any written objections or exceptions to the action of the trial court in setting aside the order confirming the sale to them; neither did they file any written motion asking the court to confirm the sale to them or to set aside his order that he had made setting aside his previous order of confirmation, and there are no pleadings showing appellants had tendered performance or offered to pay the purchase price.

"At a former day of this term this court held that it had no jurisdiction of the cause and dismissed the appeal because neither of appellants were parties in the trial court and could not therefore appeal.   There is a motion pending for rehearing, and by reason of the insistence of the parties that we were in error in our former holding, and by reason of the importance of the question involved, and by reason of there being some doubt in our minds as to the correctness of our holding, we respectfully submit to the Honorable Supreme Court of this State for its determination upon the facts hereinbefore set out, the following questions:"

The questions certified are:

## "FIRST QUESTION.

"Where a trial court has confirmed the report of sale of real estate made by a trustee appointed by the court for said purpose, and thereafter during the same term the court sets the order of confirmation aside, thereby leaving the report of sale undisposed of, can any of the parties to said litigation appeal to the Court of Civil Appeals from the order which the trial court made setting aside his previous order of confirmation?

## "SECOND QUESTION.

"Were R. B. Dupree and J. T. Willis, by virtue of their having purchased from the trustee the property in controversy and the trustee having reported the sale to the court, and the court having approved same and thereafter at the same term having set the confirmation aside, made such parties to the litigation in the trial court that they were authorized to prosecute an appeal to this court from the order of the trial court setting aside its formal order confirming the sale to them, without their having filed any pleadings or written objections or exceptions to the action of the trial court in setting aside said confirmation of sale?

## "THIRD QUESTION.

"Were we in error in dismissing for want of jurisdiction this cause?"

The order confirming the sale made full disposition of the matter under consideration by the court. It was an award "of the judicial consequence which the law attaches to the facts" on the report of sale made by the trustee and submitted to the court. Such order was a final judgment of the court, and from this order under the provisions of Art. 2249, Rev. Civ. Stats., 1925, an appeal might have been prosecuted. McBride v. United Irrigation Co., 213 S. W., 988 (writ of error refused). We are also of opinion that had the court made and entered an order vacating the sale made by the trustee same would have been a final judgment from which an appeal would lie in contemplation of this article.

However, the order from which this appeal is sought to be prosecuted makes no disposition of the matter presented to the court by the report of sale. Its only effect is to set aside the former order of confirmation during the term of court at which it was made, and at a time when the court had complete control over its former order. It left the report of sale to Dupree and Willis undisposed of. The sale reported was not by this order vacated. The former order alone was affected by this order from which an appeal is here attempted. This order was interlocutory and not final. It left the matter of effecting a sale and disposition of the property involved still pending as it was prior to the order of confirmation. Being interlocutory, and there being no statutory provision allowing an appeal from an interlocutory order of this character, neither the parties litigant interested in the partition of the property, nor the purchasers, even had they by plea of intervention made themselves parties

to the litigation, could prosecute an appeal from the order vacating the former order of confirmation.

We recommend that the questions certified be answered in the negative.

The opinion of the Commission of Appeals, answering certified questions, is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton*, Chief Justice.