## SHULTZ v. SHULTZ et al.
### No. 12380.

Court of Civil Appeals of Texas. Fort Worth.
March 8, 1930.

Thompson & Barwise, of Fort Worth, and Davidson, Doss & McMahon, of Abilene, for appellant.

McLean, Scott & Sayers, of Forth Worth, for appellee.

DUNKLIN, J.

The above-styled suit was instituted by Mrs. Winifred S. Shultz against her husband, W. O. Shultz, for a divorce, on the grounds of abandonment and cruel treatment rendering their further living together wholly insupportable and unbearable to the plaintiff. In her petition for divorce, plaintiff further prayed for a settlement of the property rights between herself and her husband; and in that connection she alleged that a considerable amount of real and personal property belonging to the community estate which she sought to have divided between them, consisted mainly of an undivided interest in the partnership assets belonging to the M. Sansom Cattle Company, which owns 7,240 acres of land in Concho county, of the value of $181,000, and live stock, farm tools, and other property situated on said ranch; also an undivided interest in another partnership, known as Shultz Bros., which owns real estate and live stock of the value of $116,000. It was alleged that M. Sansom was a member of the partnership of the M. Sansom Cattle Company and owned an undivided interest in the assets of that firm, and that S. O. Shultz was a member of the firm of Shultz Bros., and owned an undivided interest in the assets of that firm. M. Sansom and S. O. Shultz were made parties defendant in the divorce proceedings for the purpose of settling their interests in the respective firms of which they were members.

Plaintiff also alleged that her husband, W. O. Shultz, owned certain property in-

dividually, consisting of real estate and personal property of the aggregate value of $95,000, and that he had outstanding liabilities amounting to $49,500.

The petition contained the following allegations:

"That defendant, W. O. Shultz, has already dissipated a large part of said community property of plaintiff and defendant, W. O. Shultz, and has disposed of a part of said community property in fraud of plaintiff's rights therein, and unless restrained by the most gracious writ of injunction will still further dissipate a large and substantial amount of said community property; that a large portion of said property is personal property consisting of cattle, sheep, horses, mules and ranch supplies and equipment, and that it is necessary for the preservation and conservation of plaintiff's interest in said community property that defendant, W. O. Shultz, be enjoined from disposing of any of said property, and that a receiver be appointed to take charge of, manage, operate and control said property. * * *

"Wherefore, premises considered, plaintiff prays that the defendants be fully cited to appear and answer herein; that on the trial of this cause she have an absolute decree, of divorce from defendant, W. O. Shultz; that the court do make and issue its most gracious writ of injunction, restraining and preventing defendants from disposing of any of said property during the pendency of this suit; that the court do appoint a receiver to take charge of, manage, operate and control said properties; that plaintiff recover her costs herein, and attorneys' fees for services rendered herein as necessaries; that an accounting be had of the community property of plaintiff and defendant, W. O. Shultz, and that the court set aside to plaintiff such portion thereof to which she may show herself entitled; that defendant, W. O. Shultz, be required to file an inventory of all of his property, real and personal, community and separate, under oath, and that she have general relief."

On the same day the foregoing petition was filed and without notice to any of the defendants, and, on an ex parte hearing, the district judge, in whose court the suit was filed, entered an order "restraining the defendants and each of them, their servants and employees from disposing of any of the property mentioned in said petition until further ordered by this court; and it is further ordered and decreed by the court that E. F. Sansom be, and he is hereby appointed receiver in this cause, with power and authority to immediately take charge of, manage and control and operate the property mentioned in said petition upon his taking the oath of office as required by law, and upon filing a good and sufficient bond in the sum of $25,000 dollars, conditioned as required by law. Receiver is authorized to pay out any funds of the estate interest and principal of mortgages on the estate as and when due and to employ, pay, discharge employees, collect debts and claims due the estate. Plaintiff shall file a good and sufficient bond in the sum of $5,000.00 dollars, conditioned as required by law, as a condition precedent to the issuance of the writ of injunction hereinbefore mentioned."

The defendant S. C. Shultz has prosecuted an appeal from the order of court appointing the receiver, but he has made no complaint of the order granting the writ of injunction noted above. No appeal has been prosecuted by either W. O. Shultz or by M. Sansom.

■ We believe it to be manifest from the record that the injunction granted in plaintiff's favor is all sufficient to fully protect her interest in all the assets belonging to the partnership firm of Shultz Bros., and that there was no necessity for the further order appointing a receiver with the powers conferred upon him to take charge of, manage, and control the property belonging to that firm. Especially is this true in the absence of any showing that the defendant S. C. Shultz will mismanage the property, or that the receiver is in a better position to manage the same and will manage it to a better advantage than S. C. Shultz; and in the absence of any allegation that S. C. Shultz is insolvent. For that reason alone we conclude that the court erred in appointing a receiver to take charge of, manage, and control the property and business of the partnership firm of Shultz Bros.; irrespective of the further question whether or not a receiver could be appointed to take charge of, manage, and dispose of S. C. Shultz's interest in that partnership, as well as the interest of the defendant W. O. Shultz. That right, we gravely doubt, but a determination of that question is unnecessary in view of what we have already said. Security Land Co. v. So. Tex. Dev. Co. (Tex. Civ. App.) 142 S. W. 1191; Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930; Hare & Chase v. Dunton (Tex. Civ. App.) 6 S.W.(2d) 139; Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548.

■ Accordingly, the order of the trial court appointing the receiver of the assets and business of the partnership firm of Shultz Bros. is reversed, and the receivership proceedings as to that property are vacated. But the order appointing the receiver of the assets and partnership business of the M. Sansom Cattle Company is left undisturbed, since neither M. Sansom nor W. O. Shultz has prosecuted any appeal.

The order granting the writ of injunction is left undisturbed, since no appeal has been prosecuted therefrom by any of the defendants. The order appointing a receiver of the

individual property of W. O. Shultz is also left undisturbed.

The costs of this appeal will be taxed against the appellees, and this decision will be certified to the trial court for observance.