## BECKLER v. BECKLER.
### No. 3754.

Court of Civil Appeals of Texas. El Paso.
March 3, 1938.

C. W. Tate, of Odessa, for appellant.

W. W. James and Paul Moss, both of Odessa, for appellee.

NEALON, Chief Justice.

R. B. Beckler prosecutes this appeal from an order of the judge of the district court of Ector county directing the issuance of "a temporary restraining order operating until and pending final judgment and decree," by which appellant was, at the instance of Anna Beckler, restrained from selling, conveying, disposing of, or in any way incumbering the community property of the parties. The appellee brought her suit for divorce against appellant by petition filed December 4, 1937, in which she prayed for total divorce, alimony pendente lite, attorneys' fees, and an order restraining defendant from disposing of the community property owned by plaintiff and defendant. The Judge, in chambers, granted a temporary restraining order and set the hearing of the cause for December 6, 1937, at which time he granted the temporary injunction hereinbefore described. In his fiat he did not require that plaintiff give bond as a condition precedent to the issuance of the writ of injunction. Subsequently, on January 8, 1938, the district judge amended his original order by an entry upon the minutes requiring plaintiff to give bond in the sum of $500. The transcript herein was tendered for filing January 17, 1938, more than 20 days subsequent to the original order, but within 20 days of the amendment requiring the giving of bond. Upon the face of the record the clerk declined to file the transcript until this court granted appellant's motion showing the facts to be as hereinbefore stated.

Appellee moves to dismiss the appeal upon two grounds: (1) That the order is not appealable; (2) that the transcript was filed more than 20 days after the entry of the order granting the temporary injunction, and, therefore, was not in compliance with article 4662, Revised Civil Statutes.

Appellant assigned as error (1) issuance of the temporary writ without exacting the bond required by article 4649, Revised Civil Statutes, and cites Ex parte Coward, 110 Tex. 587, 222 S.W. 531; (2) amending the order of January 8, 1938, in the manner described.

The motion to dismiss the appeal must be sustained. While the order as originally written was void, and while the judge had power to amend the same in vacation (Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372), this order as amended constituted an interlocutory order of the judge (not a judgment of the court), was made in vacation, and was not appealable. The right to appeal from an interlocutory order must depend upon the statute conferring such right. Pittman v. Byars, 100 Tex. 518, 101 S.W. 789; Bean v. Peurifoy, Tex.Civ.App., 74 S.W.2d 126; Dupree v. Davis, 116 Tex. 405, 292 S.W. 523; Dyer v. Dyer, Tex.Civ.App., 87 S.W.2d 489; Shultz v. Shultz, Tex.Civ.App., 28 S.W.2d 223. Our only statutory provision for an appeal from an order granting a temporary injunction is article 4662 of the Revised Civil Statutes. That article is a part of title 76, article 4642 et seq., and expressly limits the right of appeal to injunctions granted under any provision of "this title." Necessarily, in such a connection, "this title" means title 76. The provision conferring upon the wife the right to an injunction restraining the husband from disposing of real and personal estate during the pendency of a suit for divorce is article 4635, which is a part of title 75, article 4602, et seq., and, therefore, not affected by article 4662.

The appeal is dismissed.