**E. F. THOMAS, Appellant,**

v.

**PEOPLES NATIONAL BANK, Appellee.**

No. 16576.

Court of Civil Appeals of Texas.

Fort Worth.

June 19, 1964.

Rehearing Denied July 10, 1964.

Chester A. Oehler, Dallas, for appellant.

Allred & London, and Renne Allred, Jr., Bowie, for appellee.

PER CURIAM.

The record in this case reached this court bearing the trial court number and style as: No. 14,443 in the District Court of Mon-

tague County, Texas, E. F. Thomas v. Peoples National Bank. The case so numbered and styled is shown by the face of the record to be presently pending for trial in the District Court of Montague County. By such case Thomas is suing the bank on the theory that the latter is guilty of conversion in respect to a truck and an automobile as to which the former claims title. There is a cross-action by the Bank in which it seeks judgment on notes alleged to be the obligation of Thomas. Issues therein appear to be ripe for trial. They could not be the proper subject of an appeal in this court until a judgment has been entered below.

The Peoples National Bank filed a motion for an order barring Chester A. Oehler, Thomas' attorney, from participating in the case on the ground of conflict of interest. An order of the trial court was entered, under date of March 10, 1964, removing Oehler from the cause as an attorney and barring him from (further) participation therein. Oehler was not a party to the suit in the court below.

From this order Thomas perfected a purported appeal. The appeal bond bears his name as the only principal. Oehler did not sign the bond, although recitations thereof state that he, as well as Thomas, has "taken" an appeal therefrom to this court.

■ All the points in appellant's brief complain of Oehler's removal and the manner of its accomplishment. The Bank, as appellee, has filed a motion to dismiss the appeal. Premise of the motion is that the order, from which the appeal was brought to this court, was interlocutory and not appealable. The motion is well taken.

■ In so far as the appellate courts of Texas are concerned, an interlocutory judgment or order is one of which no jurisdiction may be acquired on an appeal therefrom (unless or until there has been a final judgment rendered in the same case), except in instances specifically provided by legislative enactment. Examples are where

appeals are taken from: orders granting or dissolving temporary injunctions (Vernon's Ann.Tex.Civ.St. Art. 2251); orders appointing a receiver or trustee and orders overruling a motion to vacate a previous order of that nature (V.A.T.S. Art. 2250); and judgments sustaining or overruling pleas of privilege (V.A.T.S. Art. 2008). The subject matter of the instant appeal has not been included among the appealable interlocutory orders and judgments. Therefore we have acquired no jurisdiction.

Two cases of analogy support our decision herein, the first one being wherein a plaintiff's attorney was denied right to further represent his client, and the other being one wherein a plaintiff's attorney was sustained in his right to further represent his client over protest of the opposite party. The aggrieved party attempted an appeal in each instance. Each appellate court held the order of the trial court to be interlocutory and not appealable. The cases are State v. Wischkaemper, 186 S.W.2d 370 (Amarillo Civ.App., 1945, no writ history); and Knox v. Long, 228 S.W.2d 367 (Texarkana Civ.App., 1950, error refused).

The appeal is dismissed.