Grace M. POWER, a feme sole, Appellant,

v.

Thelma LANDRAM et al., Appellees.

No. 15212.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 1, 1968.

Crane & Keenan, K. D. Keenan, Houston, for appellant.

Liddell, Dawson, Sapp & Zivley, Marion Sanford, Jr., N. Wyatt Collier, Houston, for appellees.

BELL, Chief Justice.

There is no statement of facts in this case. What we say comes from the pleadings of the parties. However, as to what the facts are that we deem controlling on the disposition to be made of this appeal we think is pretty well established by the pleadings of the parties.

John A. Power left a will in which he named his wife, Mary Elizabeth Power, independent executrix. He died July 26, 1955. On August 2, 1955 his will was offered for probate in the Probate Court of Harris County in Cause No. 56,792. It was thereafter admitted to probate and Mary Elizabeth Power was issued letters testamentary and duly qualified as independent executrix.

In the will of John A. Power it was provided:

"that my beloved wife, MARY ELIZ-ABETH POWER, shall with the rights and authority below given, have all the estate of every description—real, personal or mixed—which I may own,—to be used, occupied, enjoyed, conveyed and expended during her life, as she may desire, and that upon her death, any of such estate then remaining, shall be divided among the persons following, share and share alike, to-wit:

Thelma Landrum
John Gerald Power
Katherine Power Randle

that said named persons being the children of said JOHN A. POWER and MARY ELIZABETH POWER; and in case any of said children should die before the death of my beloved wife, MARY ELIZABETH POWER, then the share which would have come to such child shall pass under the laws of descent and distribution to the heirs of such deceased child."

John Gerald Power, the son of John A. Power, died on February 10, 1957. Thereafter on September 6, 1962, Mary Elizabeth Power died, leaving a will which was admitted to probate in the Probate Court of Harris County in Cause No. 78,217. In her will she named Thelma Landram and Katherine Power Randle as independent executrices of her estate. They received letters testamentary upon duly qualifying as executrices.

The appellant here, Grace Power, was the surviving widow of John Gerald Power. She filed the suit out of which this appeal grows in the Probate Court of Harris County in Cause No. 56,792, asserting that she was an heir of John Gerald Power and that no portion of his estate had been delivered to her. She filed the suit against Thelma Landram, Individually and as Executrix of the Estate of Mary Elizabeth Power, and Katherine Power Randle, Individually and

as Executrix of the Estate of Mary Elizabeth Power. The husband of each defendant was joined in the suit. The allegations of the petition set out the provision of the will of John A. Power that we have quoted above and it was asserted by Grace Power that she was an heir of John Gerald Power and by reason of the provision of said will was entitled to her share of the estate. John Gerald Power also left surviving him three children. The prayer was that the defendants be required to give an accounting in the estate of John A. Power and that the court make a determination of heirship and that her interest in the estate of John A. Power be determined by the court.

By separate but identical answers, the defendants filed in the Probate Court a plea in abatement setting up that this suit was brought by Grace Power as the surviving wife of John Gerald Power and that there was a want of necessary and indispensable parties, i. e., the surviving children of John Gerald Power. The answers in addition asserted that the term "heirs" used in the will of John A. Power was used only in the sense that it denoted descendants of the children of John A. Power and that Grace Power was therefore not an heir at law of John Gerald Power. The answers also asserted that fee simple title was vested in Mary Elizabeth Power.

On the 19th of April, 1966, the judge of the Probate Court entered an order sustaining the plea in abatement, the order reading as follows:

"On the 17th day of March, 1966, came on for hearing the Respondents' Plea in Abatement for want of necessary parties, and Plaintiff and Respondents both appearing by their respective attorneys and the Court having considered the pleadings and argument of counsel, finds that it does not have the power to grant all the relief asked for. Therefore, it is

"ORDERED, ADJUDGED and DE-CREED that Respondents' Plea in Abatement be sustained.

It will be noticed that the order in no way makes a final disposition of the proceeding by a dismissal for want of necessary parties. The appellant here then gave notice of appeal from this order sustaining the plea in abatement and her appeal was timely filed in the 152nd District Court of Harris County.

In the District Court appellant filed an amended pleading which in substance contained the same allegations as her petition filed in the Probate Court, but the children of John Gerald Power, Deceased, were brought in as parties defendant. The appellees here filed their answer in the District Court which contained a motion to dismiss the appeal from the Probate Court on the ground that there was no appealable order because only a plea in abatement had been sustained which had asserted the want of necessary and indispensable parties. This plea was overruled by the court.

The appellees then filed a motion to dismiss the appeal for want of jurisdiction, their position being that the Probate Court did not have jurisdiction of the proceeding because the appellees were not legal representatives of the estate of John A. Power, Deceased, and also on the ground that appellant's proceeding commenced in the trial court was nothing more than a suit to construe the will of John A. Power and only a district court had jurisdiction to construe a will. The position of appellant was that she was entitled to file the proceeding under the provisions of Section 220, Probate Code of Texas, V.A.T.S., and also that this was a proceeding to declare heirship. The District Court sustained the plea to the jurisdiction, thereby holding in effect that the Probate Court had no jurisdiction over the proceeding and that the District Court on appeal, therefore, had no jurisdiction.

█ We are of the view that it appears on the face of the record that the order of the Probate Court sustaining the plea in abatement for want of necessary parties was not a final order that could be appealed to the district court. The District Court should have sustained a plea to dismiss the appeal. It being a fundamental error apparent on the face of the record, we take notice of the interlocutory nature of the Probate Court's order sustaining the plea in abatement.

█ The position of appellant is that the order sustaining the plea in abatement was a final order because it recited that it did not "have the power to grant all of the relief asked for." Appellant says that this shows that the court was in effect refusing to hear the case on its merits. We do not so construe the order. The plea in abatement itself was nothing more than an assertion that the court should not go forward with the case until the children of John Gerald Power were made parties. The order itself adjudges merely that the respondents' (appellees') plea in abatement be sustained. There was no dismissal of the case nor was there any purported final disposition of the case at all. An order sustaining a plea in abatement is purely interlocutory and not appealable. The party whose suit is abated for the want of necessary parties is entitled to amend and make the absent persons parties to the suit. If the plaintiff refuses to make them parties, then the court must, in order to make an appealable judgment enter an order dismissing the case. The recital in the order stating that the court does not have power to grant all of the relief asked for, to our mind, means nothing more than that the court cannot grant an order declaring the appellant to be an heir and determining her portion of the estate of John A. Power without the presence of all persons who are entitled to share in the estate of John A. Power. The language used is nothing more than the test for determining who are necessary parties.

In the light of the disposition we make of this appeal, we probably should note the contentions made by appellant as to why the Probate Court had jurisdiction of her proceeding.

 She contends that this is a suit to declare heirship. Of course, the Probate Court is vested with jurisdiction to declare who are the heirs of a deceased person, but the effect of appellant's pleading is not to truly present a petition to declare heirship but is one for the construction of a will. The allegations are in effect that the term "heirs" as used in the will was intended by the testator to include a surviving wife. Too, another issue involved is whether or not under the will fee simple title was vested in Mary Elizabeth Power. The exclusive jurisdiction to construe a will is in the district court. Wills, 61 Tex.Jur. 2d, Sec. 207; Benson v. Greenville National Exchange Bank, Tex.Civ.App., 228 S.W. 2d 272; Benson v. Greenville National Exchange Bank, Tex.Civ.App., 253 S.W.2d 918, error ref., n. r. e.

Under Section 220, Par. (a), of the Probate Code, the appellant contends that since Mary Elizabeth Power, who was independent executrix of the will of John A. Power, is deceased, this section allows those persons legally entitled to receive the estate of John A. Power to sue in the Probate Court to require the legal representatives of the deceased executrix to deliver to her her portion of the John A. Power estate. We are unable to tell from the allegations in the pleadings whether Mary Elizabeth Power completed administration of the estate except for the delivery of the assets of the estate of John A. Power, Deceased. If there is necessity for further administration upon the estate of John A. Power, then under said Art. 220, a representative of the estate of John A. Power, Deceased, should be appointed by the judge of the Probate Court. If there is no necessity for further administration, then it seems to us that appellant would file suit in the District Court asking for the construction of the will of John A. Power, Deceased, and if she be held to be an heir within the meaning of the language used by John A. Power in his will, the District Court upon proper pleading in the same suit could order distribution of the estate of John A. Power, Deceased,

and if any of the assets had been converted by any of the parties to such suit, then judgment for its value could be given in favor of appellant here. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980.

The District Court rendered judgment dismissing the cause of action for want of jurisdiction in that court because the proceeding was an appeal from the Probate Court when the Probate Court had no jurisdiction over the cause of action. We feel jurisdiction in the District Court over the appeal never attached because there was no appealable order. We reverse the judgment of the District Court dismissing the cause of action and direct such Court to enter its judgment dismissing the appeal from the Probate Court because no appealable order existed.