**SIZZLER FAMILY STEAK HOUSES,**
**et al., Appellants,**

**v.**

**William Frank NUSS, Jr., et al., Appellees.**

**No. 264.**

Court of Civil Appeals of Texas.

Houston (14th Dist.)

July 2, 1969.

John G. Graham, Arnold, Roylance, Kruger, Durkee, Houston, for appellants.

Donald E. Roper, Eastham & Meyer, Robert C. Maley, Jr., Richard S. Donoghue, Sheinfeld & Maley, Houston, for appellees.

BARRON, Justice.

This suit was filed in the district court of Harris County, Texas by Sizzler Family Steak Houses, a California corporation, joined by local franchisees, against William Frank Nuss, Jr., B. L. Helm, and Sizzler Steak Houses International Corporation, for breach of contracts relating to franchised restaurants and the area franchise representation, for tradename and trademark infringement, for alleged violation of a restrictive covenant, for misuse of alleged confidential information, and for damages.

After granting a temporary restraining order, upon hearing on defendants' plea in abatement and plaintiffs' application for temporary injunction, the district court found that the principal plaintiff, a California corporation, was doing, and prior to the filing of this lawsuit had been doing, business in Texas, and that the corporation did not have a certificate of authority to do such business as allegedly required by Article 8.18 of the Texas Business Corporation Act, V.A.T.S. The trial court then suspended the hearing and entered the following order:

"* * * Upon receiving evidence and hearing testimony and Briefs and argument of counsel, it appearing to the Court that such plea in abatement should be granted, it is therefore

"ORDERED, that the application for temporary injunction be denied *at this time without prejudice, on the basis* that the Plaintiff Sizzler Family Steak Houses does not have a Certificate of Authority to do business in Texas. *The*

*Plaintiffs may renew their application for temporary injunction after the Plaintiff Sizzler Family Steak Houses receives such Certificate of Authority;* and it is further

"ORDERED, That the Plea in Abatement by the Defendant NUSS, in which Plea the Defendants B. L. Helm and Sizzler Steak Houses International Corporation joined by Motion in open Court, be and it is hereby granted, and there shall be no proceedings in this cause unless and until the Plaintiff Sizzler Family Steak Houses receives and files proof of its Certificate of Authority to do business in Texas."

Plaintiffs have appealed the order and judgment of the trial court, and they contend that the trial court erred in requiring certificate of authority to transact business in Texas, because there is no evidence that the corporation was transacting business in this state of a nature which requires such certificate, because the business was interstate in nature, and because the ground for the granting of the plea in abatement applies to only one of the seven plaintiffs.

Appellees contend that the order appealed from, quoted above, is not a final and appealable order, and that their motion to dismiss this appeal should be granted.

■ The case before the trial court including the application for temporary injunction has never been tried on its merits and is still pending. For a judgment to be final it must determine the controversies between the parties over the subject matter of the litigation. There is no statute or rule making interlocutory orders of the nature of the one here under review appealable, and an interlocutory order is not appealable unless specifically made so by law. Henderson v. Shell Oil Co., 143 Tex. 142, 182 S.W.2d 994; Tally v. Texas Employers' Ins. Ass'n., 129 Tex. 134, 102 S.W.2d 180, 183; Power v. Landram, 424 S.W.2d 24 (Tex.Civ.App.), no writ hist. Parties whose suit is abated on the ground considered to be improper, may either amend or comply with the trial court's order, and if such parties refuse to amend or comply, then the trial court must, in order to render an appealable judgment, enter an order dismissing the case. See Power v. Landram, supra; Hicks v. Southwestern Settlement & Development Corp., 181 S.W.2d 982 (Tex.Civ.App.), no writ hist.; General Motors Acceptance Corporation v. Matson, 325 S.W.2d 909 (Tex.Civ.App.), no writ hist.; Beacon Oil & Refining Co. v. State, 56 S.W.2d 519 (Tex.Civ.App.), no writ hist.

■ Appellants, in fact, concede in oral argument before this Court that the trial court's order concerning the plea in abatement is not appealable, but they further contend that the trial court made a ruling on the merits of the temporary injunction. We do not so construe the judgment or order of the trial court and hold that the trial court temporarily abated this action by its order. We are bound by the court's order and not what was said by way of comment prior to its entry. See Gregory v. Lytton, 422 S.W.2d 586, 590 (Tex. Civ.App.), ref., n. r. e.

The order of the trial court from which this appeal was attempted being interlocutory, the appeal is dismissed.