**Humberto MARULANDA, Appellant,**

v.

**Nancy Valle MENDEZ, Appellee.**

**No. 15167.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 29, 1972.

Lauro Benavides, Laredo, for appellant.

Charles D. Butts, Sam C. Bashara, San Antonio, for appellee.

PER CURIAM.

Appellant has perfected his appeal from an order setting aside an order of dismissal and reinstating the cause upon the docket of said court. It is obvious from an examination of the transcript that said order is not a final judgment; and therefore, the threshold question is presented as to whether we have jurisdiction to consider an appeal from such interlocutory order.

In North East Independent School District v. Aldridge, 400 S.W.2d 893, 895 (Tex.1966), the Supreme Court stated the applicable rule as follows: "We have steadfastly adhered through the years to the rule, with certain exceptions not applicable here, that an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case." Accordingly, the appellate courts of Texas are not authorized to hear an appeal from an interlocutory order unless one is specially authorized by legislative enactment. Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex.Civ.App.—San Antonio 1965, writ ref'd); Thomas v. Peoples National Bank, 380 S.W.2d 789 (Tex.Civ.App.—Fort Worth 1964, writ dism'd); Mueller v. Banks, 317 S.W.2d 256 (Tex.Civ.App.—1958, no writ); 4 McDonald, Texas Civil Practice, Judgments, Section 17.03.2; Appellate Procedure in Texas, Appealable Judgments and Orders, Section 2.4.

There is no statute specially authorizing an appeal from an order reinstating a cause. The effect of an order of reinstatement is the same as an order overruling a motion to dismiss, which amounts to no more than an interlocutory order. Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210 (1960); Appellate Procedure in Texas, Section 2.5 [2]. Therefore, we do not have power to review the order complained of herein. Hall v. City of Austin, 450 S.W.2d 836 (Tex.1970); Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789 (Tex.1965); Dimerling v. Grodhaus, 152 Tex. 548, 261 S.W.2d 561 (1953).

The appeal is dismissed for want of jurisdiction.