**Charles Herman HAYMAN, Appellant,**

v.

**Ramona Maxwell HAYMAN, Appellee.**

**No. 768.**

Court of Civil Appeals of Texas, Tyler.

July 11, 1974.

Rehearing Denied Aug. 1, 1974.

Stroud & Smith, L. Vance Stanton, M. James Vanden Eykel, Dallas, for appellant.

Gordon R. Wellborn and Rex Houston, Blake Bailey, Henderson, for appellee.

DUNAGAN, Chief Justice.

The paramount question in this appeal is does this court have jurisdiction over a dismissed cause of action that has subsequently been reinstated? The appellant, Charles Herman Hayman, was granted a nonsuit on October 23, 1973. Thereafter on November 21, 1973, the same trial court vacated the nonsuit for the limited purpose of allowing Ramona Maxwell Hayman, the appellee, to file a counterclaim to join certain issues. The appellant has duly perfected this appeal and alleges two points of error, i. e., (1) that the trial court erred in vacating the nonsuit, and (2) that the trial court erred in allowing appellee to file a counterclaim for affirmative relief.

It is a fundamental rule of appellate procedure that an appeal may be prosecuted only from a final judgment and that judgment must dispose of all issues and parties in the case. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966); Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377 (1941); Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 68 Tex. 98, 2 S.W. 199, 3 S.W. 564 (1886); Marulanda v. Mendez, 489 S.W.2d 128

(Tex.Civ.App., San Antonio, 1972, n. w. h.) ; and Appellate Procedure in Texas, Appealable Judgments and Orders, Sec. 2.4. There are certain exceptions to this general rule; however, they are not applicable in the present situation. In 4 McDonald, Texas Civil Practice, sec. 3.1, p. 36, it is stated: "An interlocutory judgment is one which determines less than all the issues as to all or less than all of the parties, thus leaving 'something further to be determined and adjudicated by the court in disposing of the parties and their rights.'" Because the present order which is appealed from can in no way be viewed as a final judgment disposing of all parties and issues, we must view it as an interlocutory order. Linn v. Arambould, 55 Tex. 611 (1881). Accordingly, this court is not authorized to hear an appeal from an interlocutory order unless one is specifically authorized by statute. Marulanda v. Mendez, supra; Thomas v. Peoples National Bank, 380 S.W.2d 789 (Tex.Civ.App., Fort Worth, 1964, writ dism'd) ; Sizzler Family Steak Houses v. Nuss, 444 S.W.2d 843 (Tex.Civ.App., Houston, 14th Dist., 1969, n. w. h.) ; Henderson v. Shell Oil Co., 143 Tex. 142, 182 S.W.2d 994 (1944) ; Dupree v. Davis, 116 Tex. 405, 292 S.W. 523 (1927), and Tally v. Texas Employers' Ins. Ass'n, 129 Tex. 134, 102 S.W.2d 180 (1937).

■ There is no statute specifically authorizing an appeal from a reinstatement order which vacates a nonsuit. The effect of an order of reinstatement is tantamount to an order overruling a motion to dismiss, both of which must be viewed as interlocutory. Marulanda v. Mendez, supra; Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210 (1960) ; Appellate Procedure in Texas, Sec. 2.5(2). Therefore, we do not have the power to review the order complained of in this appeal. Marulanda v. Mendez, supra; Hall v. City of Austin, 450 S.W.2d 836 (Tex.1970) ; Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789 (Tex. 1965) ; Dimerling v. Grodhaus, 152 Tex. 548, 261 S.W.2d 561 (1953). Where it appears that a Court of Civil Appeals is without jurisdiction, it is the duty of the court to dismiss the appeal on its own motion. Williams v. Mack Financial Corporation, 505 S.W.2d 316 (Tex.Civ.App., Tyler, 1973, writ ref'd., n. r. e.) ; Miller v. Esunas, 401 S.W.2d 150 (Tex.Civ.App., Tyler, 1966, writ ref'd., n. r. e.) ; and Plaster v. Texas City, 380 S.W.2d 137 (Tex. Civ.App., Tyler, 1964, n. w. h.).

This appeal is therefore dismissed for want of jurisdiction.