**B.J. HECK & Paula Chagas, Appellants,**

v.

**William E. PLUMB and Tarrant Savings Association, Appellees.**

No. 2–83–115–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1983.

Callaway & Marshall and Sam Callaway, Don Prager, Fort Worth, for appellants.

Brown, Herman, Scott, Dean & Miles and Dennis M. Conrad, Fort Worth, for appellees.

Before HUGHES, ASHWORTH and HILL, JJ.

## OPINION

ASHWORTH, Justice.

Appellants filed suit below seeking damages for a wrongful foreclosure of real estate. The trial court abated the case until appellant Chagas filed a certificate that she was doing business as B.J. Heck. The trial court also entered a partial summary judgment to the effect that appellants were not entitled to a private cause of action under regulations of the Department of Housing and Urban Development. Appellants appeal from these two orders of the trial court.

Appeal dismissed.

Before considering appellants' points of error, we must first determine if this court has jurisdiction over this appeal.

■ It is fundamental that jurisdiction is well vested in cases where a final judgment has been rendered disposing of all parties and all matters in controversy. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982). This court also has jurisdiction to consider certain interlocutory orders where by statute or rule such orders are appealable. *City of Arlington v. Tex. Elec. Serv. Co.,* 540 S.W.2d 580 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.).

A final judgment was not rendered in this case, and we must now determine if the order in abatement or the partial summary judgment is subject to appeal.

Appellees filed their plea in abatement alleging that Paula Chagas was doing business as "B.J. Heck"; that Chagas had not filed an assumed name in accordance with TEX.BUS. & COM.CODE ANN. § 36.10 (Vernon Supp.1982–1983). An evidentiary hearing was conducted and the trial court found that Chagas has regularly conducted business in Tarrant County under the name of "B.J. Heck", and had not filed an Assumed Name Certificate. The cause was abated until such time as the certificate was filed.

Appellant has cited no authority to the effect that an order of abatement is appealable, and we have found none. Appellees cite *Sizzler Family Steak Houses v. Nuss,* 444 S.W.2d 843 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ). In *Sizzler,* the case was abated until the plaintiff, a California corporation, complied with art. 8.18 of the Texas Business Corporation Act by filing proof of a certificate of authority to do business in Texas. Sizzler filed an appeal from such order and the appeal was dismissed. The court held that in order to render an appealable judgment, the aggrieved party could either amend or comply with the order, and if it refused, the court would have to dismiss the case in order for such party to have an appealable judgment.

■ We hold the pronouncement in *Sizzler, supra,* applies in this case, and the order in abatement is not appealable.

■ As a matter of law, the trial judge found that appellants were not entitled to a private cause of action under the regulations of the Department of Housing and Urban Development. There was no severance of that portion of the case, and such partial judgment is not appealable. *Schlipf v. Exxon, supra.* This court has no jurisdiction over either of the matters attempted to be appealed.

Appeal dismissed.