COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-24-00341-CV |
| J.V.G and O.I.G, | § | Appeal from the |
| CHILDREN. | § | 383rd Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC#2020DCM0806) |

## MEMORANDUM OPINION

On September 30, 2024, Appellant filed a notice of appeal in the trial court attempting to appeal from four pretrial orders: (1) Order Denying Motion to Modify Interpreter Order; (2) Order for Payment of Interpreter Court Costs; (3) Order Denying Motion on Witness Impeachment; and (4) Order Denying Injunction on Child Support, Past Due Arrears, Refund and Eviction. The next day, the Clerk of this Court notified Appellant, in accordance with Texas Rule of Appellate Procedure 42.3, that this Court lacked jurisdiction over the appeal because it appeared there was no appealable order or final judgment entered by the trial court. Tex. R. App. P. 42.3. Appellant was advised that this appeal would be dismissed after 20 days unless grounds were shown to continue the appeal. *Id.* (authorizing an appellate court to dismiss an appeal for want of jurisdiction

after giving ten days' notice to the parties). Appellant responded to the notice, but as we explain below, he does not identify grounds for continuing the appeal.

Generally, appeals may be taken only from final judgments. *Qwest Commun. Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments."). Interlocutory orders may be appealed only when expressly permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). A list of statutorily authorized interlocutory appeals is found in Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Appellant's response to our notice fails to establish that he is appealing from a final judgment, or any of the limited class of appealable interlocutory orders.

Two of the orders that Appellant desires to appeal from are denials of motions he filed to alter or amend the trial court's previous order requiring that he post security to ensure payment of a court interpreter for the jury trial in the case. A third order denies his Motion of Witness Impeachment. None of these orders finally dispose of the case, and none fit any of the listed appealable interlocutory orders in § 51.014.

The last order is titled "Order Denying Injunction on Child Support, Past Due Arrears, Refund and Eviction." Section 51.014 allows for an appeal of an order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(4).[1] But this provision has limited application in family law cases. First, the "injunction" that Appellant sought focused on temporary orders for child support. Yet temporary orders for child support are not subject to interlocutory

---

[1] Chapter 65 of the Texas Civil Practices and Remedies Code sets out the general provisions for issuance of injunctions. *Id.* § 65.001 to § 65.045.

appeal. Tex. Fam. Code Ann. § 105.001(e) ("Temporary orders [for the support of the child] are not subject to interlocutory appeal.").

The second part of Appellant's "injunction" relates to who has use of the couple's residence. Under the Family Code, the trial court is expressly authorized to issue temporary injunctions and other temporary orders on occupancy of a residence. Tex. Fam. Code Ann. § 6.502 (a)(6) ("While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after notice and hearing, the court may render an appropriate order, . . . awarding one spouse exclusive occupancy of the residence during the pendency of the case[.]"). *Id.* § 6.502(a)(6). And most important to our jurisdiction, § 6.507 provides: "An order under this subchapter, except an order appointing a receiver, is not subject to interlocutory appeal." *Id.* § 6.507. Courts have held that the prohibition against interlocutory appeal under the Family Code takes precedence over § 51.014(a)(4) of the Civil Practice and Remedies Code. *Hendren v. Lazar*, 641 S.W.3d 814, 818–19 (Tex. App.—El Paso 2022, no pet.) (collecting cases); *Beckler v. Beckler*, 114 S.W.2d 618, 619 (Tex. App.—El Paso 1938, no writ) (under prior statute). Therefore, the denial of the injunction that Appellant seeks to appeal is excluded from § 51.014(4) and we lack jurisdiction to hear the matter in an interlocutory appeal.

Much of Appellant's response to our jurisdictional inquiry focuses on his claims that the trial judge treated him unfairly in issuing the orders that she did. But those complaints only go to how those motions were decided, and not to whether the orders issued are matters that the legislature allows us to review.[2] Because there is no final judgment or other appealable order at

---

[2] Appellant's response asks us to recuse the trial judge below. Appellant attached to his response a motion to recuse the named trial judge that he filed in April 2024 that was denied by the Chief Administrative Judge for this region. No statute permits an interlocutory appeal of the denial of a motion to recuse. *Hollenbeck v. Villareal*, No. 03-24-00434-CV, 2024 WL 3841785, at *1 (Tex. App.—Austin Aug. 14, 2024, no pet.). Rather, orders denying recusals are appealable only after the trial court has issued a final judgment. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428

3

issue in this case, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a);

Tex. Fam. Code Ann. § 105.001(a)(2), (e).


JEFF ALLEY, Chief Justice

November 20, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

(Tex. 1998) (orig. proceeding).

4