Virgil MATLOCK et al., Appellants,

v.

Oll WILLIAMS, Appellee.

No. 5060.

Court of Civil Appeals of Texas.

Beaumont.

April 20, 1955.

McDaniel & Hunt, Center, for appellant.

W. I. Davis, Center, for appellee.

R. L. MURRAY, Chief Justice.

The appellants, Virgil Matlock, et al., recovered judgment in the district court of Shelby County, against appellee, Oll Williams, in a trespass to try title action. The case was tried at the November-December, 1953, term, and the term was extended for the completion of the case and judgment was rendered and entered in the minutes on November 24, 1954. On November 26, 1954, appellee filed a written request that the court grant him until January 1, 1955, to file a motion for new trial. A motion for new trial was filed, however, by appellee on December 20, 1954, which was 26 days after the judgment was entered. On December 24, 1954, the court entered an order purporting to set aside the judgment and to grant a new trial. Appellant appeals from such order, and says that it is void. He contends that when such motion for new trial was filed,

26 days after entry of judgment, the extended term of court had expired and the court was without jurisdiction to enter any order on the motion.

Rule 320, Texas Rules of Civil Procedure, which applies to the district court of Shelby County, provides that a motion for new trial shall be made within two days after the rendition of judgment if the term of court shall continue so long, if not, then before the end of the term.

Rule 5, T.R.C.P., provides that the time in which to file a motion for new trial cannot be enlarged by the trial court. See, also, A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853, construing these two rules.

The trial court, in the instant case, therefore, had no authority to act on the motion for new trial. The order granting the new trial was void and of no effect. The judgment of the court entered on November 24, 1954, became a final judgment when no motion for new trial was filed before the expiration of the term. Blair v. Farmer, Tex.Civ.App., 77 S.W.2d 703; Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764.

We have been concerned over the question of our jurisdiction over this appeal, since ordinarily there is no right of appeal from an order granting a new trial. That is the rule in a case in which the trial court has the jurisdiction and power to grant such motion. The rule is different, however, when the order or judgment is void because of lack of jurisdiction or power of the trial court to act. "When the court in which a judgment has been rendered has not jurisdiction, the appellate court has not power to do that which the trial court could not do; but it has authority and jurisdiction over the void proceedings to declare their invalidity and set them aside." Williams v. Steele, 101 Tex. 382, 108 S.W. 155, 157; Roy v. Whitaker, Tex. Civ.App., 50 S.W. 491; Gray v. Maddox, 5 Tex. 528; Aycock v. Williams, 18 Tex. 392, 395; Leslie v. Griffin, Tex.Com.App.,

25 S.W.2d 820. We are satisfied from those authorities that this court has jurisdiction of this appeal, to declare the order granting appellee's motion for new trial void, and to set it aside.

The order appealed from, granting a new trial, is declared void and is set aside.

ANDERSON, J., disqualified and not sitting.