GENERAL MOTORS CORPORATION, CHEVROLET DIVISION, and Taylor Chevrolet Company of Abilene, Relators,

v.

Honorable Donald H. LANE, District Judge, and Velma Cosper Sutton, Respondents.

No. B-3916.

Supreme Court of Texas.

June 6, 1973.

McMahon, Smart, Sprain, Wilson, Camp & Lee, J. M. Lee, Abilene, Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, Robert D. Batjer, Jr., Abilene, for relators.

Leland D. Sutton, Odessa, for respondents.

REAVLEY, Justice.

Relators, General Motors Corporation and Taylor Chevrolet Company of Abilene, seek the issuance of a writ of mandamus to compel Honorable Donald H. Lane, Judge of the 42nd Judicial District, to vacate his order setting aside a prior order which dismissed for want of prosecution Velma Cosper Sutton's suit against Relators and which reinstated her suit on the docket of the court.

Mrs. Sutton's suit had been set by agreement for trial on October 2, 1972. On that day, Relators announced ready for trial but Mrs. Sutton announced through her attorneys that she was not ready and moved for continuance. The trial court overruled her motion for continuance and announced from the bench that the suit would be dismissed for want of prosecution. The order of dismissal was signed on December 11, 1972. On December 15, 1972, Mrs. Sutton filed a "Motion To Reinstate" her suit. Before a hearing was held on that motion, she filed another motion seeking reinstatement on December 21, 1972, which she denominated "Motion For New Trial." A hearing was held on December 29, 1972, and an order overruling Mrs. Sutton's Motion To Reinstate was rendered that day. On January 10, 1973, Mrs. Sutton filed a third motion seeking reinstatement of her suit which was denominated "Amended Motion For New Trial." On February 9, 1973, Judge Lane signed an order setting aside the December 29th order of dismissal and reinstating Mrs. Sutton's suit on the docket.

The complaint of all motions was the failure to grant the continuance instead of the rendition of judgment of dismissal. The relief sought was the setting aside of the dismissal and restoration of the case on the docket. The motion filed on December 15, denominated a motion "to reinstate," was the same as a motion for new trial under these circumstances. *See,* Dollert v. Pratt-Hewit Oil Corp., 179 S.W.2d 346 (Tex.Civ.App.1944, writ ref'd); Green v. Green, 288 S.W. 406 (Tex.Com.App.1926); Stuart v. City of Houston, 419 S.W.2d 702 (Tex.Civ.App.1967, writ ref'd n. r. e.); Hancock v. Gathright, 451 S.W.2d 591 (Tex.Civ.App.1970, no writ). The order of December 29 disposed of all pending motions and was in effect an order overruling motion for new trial.

Texas Rules of Civil Procedure 329b, subd. 5 provides that judgments shall become final thirty days after the date of rendition of judgment or order overruling an original or amended motion for new trial. Applying that rule to the facts of this case, the December 11th order of dismissal became final on January 28, 1973, thirty days after rendition of the December 29th order. Because the judgment had become final, Judge Lane had no power on February 9, 1973, to set aside the judgment of dismissal and to reinstate the suit on the docket of the court except upon a timely filed bill of review. Rule 329b, subd. 5; Universal Underwriters Ins. Co. v. Ferguson, 471 S.W.2d 28 (Tex.1971).

The proceedings to reinstate this suit were begun before the effective date of Rule 165a; therefore, we need not consider the applicability of that rule to this case.

We assume that Judge Lane will vacate his order of February 9, 1973, and a writ of mandamus will issue only if he fails to do so.

WALKER, J., not sitting.