Thomas Daniel **COSPER** and Maureen
Cosper, Appellants,

v.

**AETNA LIFE & CASUALTY COMPANY,**
Appellee.

No. 18326.

Court of Civil Appeals of Texas,
Dallas.

June 6, 1974.

Larry Feldman, Feldman, O'Donnell &
Neil, Dallas, for appellants.

**122**

Robert M. Greenberg, Stanfield & Greenberg, Dallas, for appellee.

BATEMAN, Justice.

This is a bill of review proceeding filed by appellants to reinstate their former suit, which had been dismissed for want of prosecution, and they appeal from an adverse judgment. We affirm.

In the former suit (No. 70–1329–B) appellants sued for damages on account of personal injuries inflicted on them by Claudis A. Perryman, alleged to be an uninsured motorist. Appellee Aetna Life & Casualty Co. was also named as a defendant, having allegedly provided uninsured motorist coverage, but was not served with citation. Default judgment was rendered against Perryman on January 3, 1973, and on May 11, 1973 the case against appellee was dismissed for want of prosecution.

The petition for bill of review was filed on August 23, 1973, but there is no allegation therein that appellee requested the dismissal of Suit No. 70–1329–B or even knew of its existence. Appellants allege that on or about April 25, 1973 their attorneys received notice of the court's intention to dismiss the suit for want of prosecution, but do not allege when they learned of the dismissal. It is presumed that notice thereof was sent to them pursuant to Texas Rules of Civil Procedure, rule 306d, and they do not deny that they received such notice. Nevertheless, they make no explanation of their failure to avail themselves of their legal remedies of motion for new trial, appeal or writ of error. They merely allege that they have a meritorious cause of action "which they have been prevented from making by accident, unmixed with any fault or negligence" on their part. Their prayer is only that the dismissal for want of prosecution be set aside and that the cause be reinstated upon the docket of the court.

Appellee challenged the propriety of this procedure by two motions, one labeled a plea to the jurisdiction and the other a motion to dismiss, both based on the premise that, since appellee was never served with process in the first suit and was, therefore, not a party thereto at the time of the dismissal, it was not subject to a bill of review and the trial court was without jurisdiction to reinstate the case against it after the judgment of dismissal had become final. The trial court upheld this argument by an order sustaining the plea to the jurisdiction and dismissing the bill of review.

Appellants' only assault on that order, presented in a single point of error, is based on failure to comply with Tex.R. Civ.P 165a in two respects. First, the notice sent to them of the court's intention to dismiss the case was defective in that it recited an intention to dismiss unless certain action was taken within one day, instead of giving them the fifteen days provided by Rule 165a. Secondly, appellants complain of failure of the clerk to mail notice of the court's intention to dismiss *to appellee*. Just how this might have adversely affected appellants is not even suggested.

We need not determine whether either of these alleged irregularities is ground for reinstatement of the suit under Rule 165a because if the "bill of review" is considered a motion to reinstate, under that rule, the court had already lost jurisdiction when the motion was filed. Stonedale v. Stonedale, 401 S.W.2d 725, 728 (Tex.Civ.App.—Corpus Christi 1966, no writ). Rule 165a extends the court's normal power to vacate its judgment within thirty days to "any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal." This language does not extend the court's power to vacate an order of dismissal to a period of six months after the order in all

cases, but limits that power to a period of thirty days after plaintiff has notice of the dismissal, with six months after the order as the ultimate limit. Appellants' pleadings show that the order of dismissal was signed May 11, 1973 and that their petition was not filed until August 23, 1973. The pleadings fail to show that appellants had no notice of the dismissal within the period of thirty days before the petition was filed. Consequently, if the "bill of review" be considered as a motion to reinstate under Rule 165a, the trial court correctly dismissed it for want of jurisdiction.

■■ Neither was the court authorized to grant appellants any relief if their pleading filed August 23, 1973, be considered as an equitable bill of review. A bill of review is an equitable remedy available only to an unsuccessful litigant who, through no fault of his, has lost all remedies at law for obtaining review, such as motion for new trial, appeal or writ of error. Birge v. Conwell, 105 S.W.2d 407, 408 (Tex.Civ.App.—Amarillo 1937, writ ref'd). Moreover, before a litigant can successfully invoke the remedy to set aside a final judgment he must allege and prove: (1) a meritorious cause of action or defense, (2) which he was prevented from asserting "by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

■ Appellants fail to allege one of these essential elements, namely, fraud, accident or wrongful act of the opposite party. The only "accident" alleged occurred in the office of their own attorneys. *See* Shook v. Shook, 145 S.W. 699, 704 (Tex.

Civ.App.—Dallas 1912, writ ref'd); Mackay v. Charles W. Sexton Co., 469 S.W.2d 441, 445 (Tex.Civ.App.—Dallas 1971, no writ), and Kelton v. Kelton, 448 S.W.2d 569, 570 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ). Appellants' counsel is presumed to have received notice of the dismissal provided for by Rule 306d, and they offer no excuse for their failure to file a motion for reinstatement within thirty days after receiving such notice.

Appellants argue that they need not allege all of the elements of a bill of review in view of their allegations of the court's failure to follow strictly the procedure for dismissal provided by Rule 165a. We hold, however, that such irregularities, if established, would not afford ground for equitable relief in the absence of any showing that they were in some way prejudiced by such irregularities or prevented from filing a motion to reinstate as authorized by that rule. Consequently, the court had no alternative but to deny equitable relief.

We overrule appellants' only point of error, but in doing so we do not wish to be understood as holding that the trial court did not acquire *personal jurisdiction* over appellee when it was served with process and filed its answer in the bill of review proceeding, or that the trial court did not have *jurisdiction* to grant relief in a bill of review proceeding. We hold only that plaintiffs were not entitled to reinstatement of their action under Rule 165a because no motion to reinstate was filed within the time the court was empowered to vacate its order of dismissal, and that no grounds for equitable relief by way of bill of review were shown.

Affirmed.