James C. CALAWAY, Appellant,

v.

Herman L. GARDNER, Appellee.

No. 1184.

Court of Civil Appeals of Texas, Houston (14th Dist.)

July 2, 1975.

Lynn N. Hughes, Roy L. Wardell, Howard & Hughes, Houston, for appellant.

Ewing Werlein, Jr., Donald P. Butler, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellee.

Tunks, Chief Justice.

On July 31, 1972, James C. Calaway, appellant herein, filed suit in the 21st District Court of Washington County against Herman L. Gardner, appellee herein, seeking judgment for specific performance of an alleged contract to sell realty. The trial court set for September 3, 1974, at 2:00 P.M., a pre-trial hearing in the case. Both parties were given notice of said hearing. At the time for the pre-trial hearing, appellee's counsel timely appeared but appellant's counsel did not. The trial court waited thirty minutes for appellant and his counsel to appear and, when they did not, granted appellee's motion to dismiss the case for want of prosecution. The written order dismissing the case recites that it was signed on September 3, 1974.

The appellant's counsel was forthwith given notice that the court had dismissed the case. On September 11, 1974, he prepared a motion to reinstate the case and mailed it to the clerk of the trial court. Apparently, it was received by the clerk and filed on September 12. The trial court first set a hearing on the motion to reinstate for December 2, 1974, and then reset it for January 6, 1975, on which latter date a hearing was held. On January 23, 1975, the trial court signed an order denying the motion for reinstatement. The appellant filed notice of appeal on February 3, 1975, and made a cash deposit in lieu of an appeal bond on February 24, 1975. Both February 3, 1975 and February 24, 1975 were Mondays.

After the hearing on January 6, 1975, the trial judge made findings of fact and conclusions of law. In the findings of fact it is recited that " . . . when given full opportunity, the plaintiff did not call any witness to testify and did not introduce nor offer any evidence in support of his Motion for Reinstatement." The trial court concluded as a matter of law that it had no jurisdiction to grant the motion for rein-

statement, and, alternatively, that the motion for reinstatement should not be granted because of plaintiff's failure to prove grounds for reinstatement.

■ Texas Rules of Civil Procedure, rule 165a provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief for his attorney to appear for any hearing, trial or docket call of which he had notice . .." It was in keeping with this language that the trial court dismissed this case on the failure of plaintiff or his counsel to appear for the pre-trial hearing on September 3, 1974.

Rule 165a also provides:

Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

In this case the plaintiff's attorney admittedly had notice of the dismissal within twenty days, so that the first sentence of the above quoted paragraph controlled. Under the plain language of that sentence, if the court is to reinstate a dismissed case, it must do so "[w]ithin thirty days after the signing of the order of dismissal . . .." The trial judge correctly concluded that at the time of the hearing on January 6, 1975, he was without authority to reinstate the case. Cosper v. Aetna Life & Casualty Company, 513 S.W.2d 121 (Tex.Civ.App.-Dallas 1974, no writ).

■ The attorney for the appellant contends that the trial judge's refusal to reinstate the case because of the expiration of more than thirty days should be reversed because it was the duty of the judge to set the motion for hearing within the thirty day period. The rule provides that "[t]he court shall set the motion for hearing as soon as practicable . . .." That language does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement. The record does not show that the movant here ever requested a setting within such time. If such a request had been made and called to the judge's attention, and if the judge had failed to set the case within the time limit, such failure would have been erroneous and reviewable. Failure of the judge to set a hearing on the motion within the thirty day period, when he was not asked to make such a setting, is not ground for reversal of his order denying the reinstatement.

■ Plaintiff's motion for reinstatement states in conclusionary terms that his failure to appear at the pre-trial hearing " . . . was not intentional nor was it the result of conscious indifference" and that it "was due to accident or mistake." The motion was verified by plaintiff's attorney. The timely filing of a motion for reinstatement setting forth grounds for reinstatement does not automatically entitle the movant to reinstatement. Rule 165a clearly contemplates that there shall be a hearing on the motion. At that hearing the movant has the burden of proving grounds for reinstatement. Finley v. Finley, 410 S.W.2d 818 (Tex.Civ.App.-Tyler 1966, writ ref'd n.r.e.). The failure of the plaintiff to offer proof of his grounds for reinstatement justified the court's denial of his motion, even if the court had authority to grant it.

■ The trial court's order of September 3, 1974 dismissed the plaintiff's case "with

prejudice." In this respect the dismissal was erroneous. Schenker v. City of San Antonio, 369 S.W.2d 626 (Tex.Civ.App.-San Antonio 1963, writ ref'd n.r.e.). Appellant asserts that error by point of error in his brief. That matter cannot, however, be effectively raised in this appeal. This is not an appeal from the judgment of September 3, 1974. No notice of appeal from such judgment was ever given. The notice of appeal filed by appellant on February 3, 1975, stated that he was appealing ". . . from the judgment rendered against him in said cause on January 24, 1975. . . ." We have no jurisdiction to reform the trial court's judgment of dismissal.

The judgment of the trial court refusing to reinstate the case is affirmed.