Patricia Ann **RILEY**, Plaintiff in Error,

v.

Mildred **MEAD**, Defendant in Error.

No. 6475.

Court of Civil Appeals of Texas, El Paso.

Dec. 3, 1975.

Stubbeman, McRae, Sealy, Laughlin & Browder, Alvin Walvoord, Jr., David K. Brooks, Midland, for plaintiff in error.

Michael D. Earney, Royal E. Caswell, Odessa, for defendant in error.

## OPINION

WARD, Justice.

The defendant below appeals by Writ of Error from a default judgment granted by the District Court of Ector County in the amount of $10,000.00 to Mildred Mead on her cause of action arising out of an automobile accident. The question concerns the lack of jurisdiction of the trial Court to enter the judgment because that Court either lacked the power or was in error in reinstating the cause of action which had been dismissed for want of prosecution, where more than thirty days had elapsed after the signing of an order of dismissal and where there was thereafter a failure to comply with the terms and requirements of Rule 165a, Tex.R.Civ.P. The judgment of the trial Court is reversed and the case is ordered dismissed.

This being a Writ of Error, the Plaintiff in Error is entitled to a full review to the same extent as on a direct appeal. The whole case is presented for revision of errors properly assigned, and it is not necessary for her to excuse the failure to defend the case in the trial Court or to show the existence of a meritorious defense. *Middlemas v. Wright,* 493 S.W.2d 282 (Tex.Civ.App.—El Paso 1973, no writ).

The Defendant in Error has filed no brief and therefore no challenge is made to the factual statements made in the one brief presented as to the contents of the record. We accept as correct the statements contained in the brief of the Plaintiff in Error as to the facts and record. Rule 419, Tex.R.Civ.P.; *Crawford v. Modos,* 465 S.W.2d 220 (Tex.Civ.App.—Beaumont 1971, writ dism'd). The Rule aside, all of the statements contained in the brief are consistent with the facts as reflected by the record.

On November 18, 1969, the plaintiff, Mildred Mead, filed her original petition in the District Court of Ector County, and asserted that she had been injured in an automobile accident caused by one Patricia Ann Riley. On December 29, 1971, the Court dismissed the case for want of prosecution. On January 21, 1972, the plaintiff filed a motion for reinstatement for the reason that "Proper service has not been made on the Defendant" and the plaintiff's motion to reinstate was granted on the same day. Over two years later, on March 12, 1974, the District Court again entered an order of dismissal for want of prosecution. More than thirty days thereafter, on June 10, 1974, the plaintiff filed an unverified motion for reinstatement, the only grounds being that "Proper service has not been made on the Defendant". The Court without a hearing purportedly reinstated the case that same day, June 10, 1974, that order being filed on June 19, 1974. On November 27, 1974, the default judgment complained of was entered in the sum of $10,000.00. The Plaintiff in Error, Patricia Ann Riley, is now timely before this Court by Writ of Error.

Appellant's point under consideration is to the effect that the Court was without jurisdiction over the case at the time of the final judgment as the Court was without power to reinstate the case in June, 1974, or that the Court was in error in its action. The relief sought by the motion for

reinstatement of June 10, 1974, was to set aside the judgment of dismissal and to restore the case on the trial docket. The motion for reinstatement was the same as a motion for new trial. The order of reinstatement was the equivalent to the granting of a motion for new trial. *General Motors Corporation, Chevrolet Div., v. Lane*, 496 S.W.2d 533 (Tex.1973); 4 McDonald, Texas Civil Practice, § 17.19.

Before the adoption of Rule 165a, orders granting new trials under circumstances similar to those in the present case were held to be wholly void. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Universal Underwriters Insurance Co. v. Ferguson*, 471 S.W.2d 28 (Tex.1971). Rule 329b–5 was construed in *McEwen v. Harrison* to mean that after a judgment became final, it having been rendered by a court which had the jurisdictional power to render it, and where relief by way of appeal or writ of error was not available, a proceeding in the nature of a bill of review became the exclusive method of vacating that judgment. *Deen v. Kirk*, 508 S.W.2d 70 (Tex. 1974); *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 at 644 (Tex.1974).

■ Some relief was then afforded to a worthy plaintiff whose case had been dismissed for want of prosecution by the enactment of Rule 165a. Now the court's normal power to vacate its judgment within thirty days is extended to "any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal." The Rule was considered in *Cosper v. Aetna Life & Casualty Company*, 513 S.W.2d 121 (Tex.Civ.App.—Dallas 1974, no writ). It was there pointed out that the language of the Rule does not extend a court's power to vacate an order of dismissal to a period of six months after the order in all cases, but the power is limited to a period of thirty days after the plaintiff has notice of the dismissal, with six months after the order as the ultimate limit. That court then held that since the motion to

reinstate there under consideration failed to show that the applicant had no notice of the dismissal within the limited period, the trial court was without power to reinstate and correctly dismissed it for want of jurisdiction. In the present case, there was no attempt to comply with Rule 165a as to the required contents of the motion, as to the verification, as to any hearing on the motion or as to the findings of the Court. The reinstatement was improperly granted at a time when the trial Court had lost jurisdiction. It follows that the default judgment entered on November 27, 1974, was void because the Court no longer had jurisdiction of the cause of action to enter any such judgment.

■ The motion to reinstate could not have been considered as an equitable bill of review. The plaintiff below was not seeking equitable relief and none of the requirements for a bill of review were met. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

It follows that the judgment of the trial Court is reversed and, because the judgment of dismissal entered on March 12, 1974, had become final, the case is ordered dismissed. Rule 434, Tex.R.Civ.P.