Virgil James CADDELL, Appellant,

v.

Sandra GRAY and Waymon Gray, Appellees.

No. 5660.

Court of Civil Appeals of Texas, Waco.

Nov. 4, 1976.

Rehearing Denied Dec. 16, 1976.

Clifford, Sims & Kidd, Lubbock, for appellant.

Smith & Smith, Lubbock, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) Caddell from an order of the trial court reinstating a case which it had theretofore dismissed for want of prosecution.

On September 30, 1975 the trial court in a blanket order reciting that proper notice having been given pursuant to Rule 165a TRCP, dismissed 213 cases from its docket for want of prosecution, including the instant case.

On February 2, 1976 appellees' attorney filed motion to reinstate such case alleging that he first learned of such dismissal on January 30, 1976.

Appellant opposed such motion for reinstatement and moved the court for an oral hearing.

The trial court on February 21, 1976 set hearing on motion for reinstatement for March 5, 1976.

On March 5, 1976 such hearing was had, at the conclusion of which the trial court (on March 5, 1976) entered its order reinstating such cause.

Appellant appeals on 2 points:

1) The District Court erred in finding that neither plaintiffs nor their attorney had either actual or constructive notice of the order of dismissal because such finding is against the great weight and preponderance of the evidence.

2) The District Court's order setting aside its prior order of dismissal and reinstating the case is a nullity, because the court lacked jurisdiction as to the case at the time it was entered.

We revert to point 1.

■ Appellees' attorney testified he had no knowledge of the order of dismissal until January 30, 1976. While the evidence conflicts on this point the trial court was authorized to believe and find as it did. Point 1 is overruled.

Point 2 asserts the trial court's order of reinstatement is a nullity because the court

lacked jurisdiction to reinstate the case at the time such order was entered.

The case was dismissed for want of prosecution on September 30, 1975. On January 30, 1976, 4 months later appellees' attorney first learned of the dismissal. He filed motion to reinstate the case on February 2, 1976. The trial court on February 21, 1976 set such motion for hearing for March 5, 1976; and on March 5, 1976 reinstated the cause.

Prior to Rule 165a TRCP the trial court lost jurisdiction to reinstate a case dismissed for want of prosecution after the expiration of 30 days.

Rule 165a provides in part:

"Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of 20 days after the signing of such order, *the court may reinstate the case at any time within 30 days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than 6 months after the date of signing the order of dismissal.*"

■ Thus, Rule 165a extends the court's normal power to vacate its judgment within 30 days to *"any time within 30 days after the party or his attorney first received either a mailed notice or actual notice,* but in no event later than 6 months after the date of signing the order of dismissal." This language does not extend the court's power to vacate an order of dismissal to a period of 6 months after the order in all cases, but limits that power to a period of 30 days after plaintiff has notice of the dismissal, with 6 months after the order as the ultimate limit. *Cosper v. Aetna Life & Cas. Co.,* CCA, Dallas, NWH, 513 S.W.2d 121; *Riley v. Mead,* CCA, El Paso, NWH, 531 S.W.2d 670; *Calaway v. Gardner,* CCA 14th, Houston, NWH, 525 S.W.2d 262.

As noted the trial court dismissed this case on September 30, 1975; appellee first acquired actual notice of such dismissal on January 30, 1976; filed motion to reinstate on February 2, 1976; which motion was granted on March 5, 1976.

■ Rule 165a provides the trial court may reinstate at any time within 30 days after actual notice of such dismissal. March 5, 1976 is 35 days after January 30, 1976. The reinstatement was thus improperly granted because done at a time when the trial court had lost jurisdiction.

Point 2 is sustained.

The judgment of the trial court is reversed and vacated; and because the trial court's dismissal of September 30, 1975 had become final, judgment is here rendered dismissing such case.

REVERSED AND RENDERED.

## ON REHEARING

Appellees on rehearing assert this court has no jurisdiction over the appeal because the trial court's order "reinstating the case" was interlocutory, and appeal does not lie from an interlocutory order unless authorized by statute; citing *North East Ind. Sch. Dist. v. Aldridge,* S.Ct., 400 S.W.2d 893; *Hayman v. Hayman,* CCA, NWH, 512 S.W.2d 71, and *Marulanda v. Mendez,* CCA, NWH, 489 S.W.2d 128.

■ Ordinarily there is no appeal from an interlocutory order (unless authorized by Statute), and the order of reinstatement here was interlocutory.

■ But the rule is different where the order is void because of lack of jurisdiction or power of the trial court to act. This is the case here. In such situation the appellate court has authority and jurisdiction over the void proceeding to declare its invalidity and to set it aside. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823; *Matlock v. Williams,* CCA, NWH, 281 S.W.2d 229; *Brady v. Fry,* CCA, NWH, 517 S.W.2d 304; *Travelers Express Company, Inc., v. Winters,* CCA, NRE, 488 S.W.2d 890.

■ Be we mistaken in the above, appellee can take little consolation, because where an order is interlocutory and not appealable, but is void, mandamus lies to

the Court of Civil Appeals to require the trial court to set aside its void order. *McGregor v. Clawson*, CCA, 506 S.W.2d 922.

Motion for rehearing overruled.