**William V. BERRY, Appellant,**

v.

**Edwin A. RILEY, Appellee.**

**No. 16850.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 31, 1977.

Rehearing Denied April 28, 1977.

W. W. Kilgarlin, Kilgarlin, Dixon & Hancock, Houston, for appellant.

James B. Manley, Pasadena, Manley, Hesson & Kuhlmann, Pasadena, of counsel, for appellee.

COLEMAN, Chief Justice.

This suit was filed by Edwin A. Riley for the purpose of obtaining possession of certain items of personal property being held by William V. Berry by virtue of a claimed landlord's lien. Berry answered impleading Mama Mia's, Inc. as a third party defendant seeking the foreclosure of a landlord's lien, and crossacted against Edwin A. Riley seeking to quiet title to the personal property. On its own motion the trial court severed the action of Berry against Mama Mia's and proceeded to trial on the claim of Edwin A. Riley against William V. Berry. The case was tried to the court without a jury and

resulted in a judgment for the plaintiff, Edwin A. Riley.

On April 14, 1976, the judge of the 80th District Court had dismissed this case for want of prosecution. On June 14, 1976, responding to an oral motion, the judge of the 80th District Court reinstated the cause. We conclude that the judge of the 80th District Court lacked jurisdiction to reinstate the cause. Accordingly the trial judge sitting in the 190th Judicial District lacked jurisdiction to enter a judgment in the case.

Rule 165a, Vernon's Annotated Rules of Civil Procedure, authorizes a trial court to dismiss a case for want of prosecution for certain named reasons. The rule requires that notices of intention to dismiss shall be sent by the clerk to each attorney of record and also notice of the signing of the order of dismissal. The rule then provides:

"Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mail notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mail notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

"A motion for reinstatement shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk, and a copy shall be served on each attorney of record and each party not represented by an attorney. The court shall set the motion for hearing as soon as practicable and notify all parties or their attorneys of record of the date, time and place of the hearing."

The record in this case does not contain an order reinstating the case. There is no motion for reinstatement. The actions taken by the trial court are reflected only by notations found on the docket sheet. When the attorneys appeared for trial of this case in the 190th District Court, the attorney for William V. Berry stated that he excepted and objected to the court's action in having reinstated this cause on the docket, in that the cause of action was dismissed for want of prosecution on April 14, 1976 and more than thirty days have elapsed since that date. He further stated that the action of the court was unilateral and was not based upon any motion or verified affidavit prepared and submitted to the court in writing prior to the court's action in reinstating the cause on the docket.

The attorney for Mr. Riley then stated that the trial court told the parties that he would set the matter down for a formal hearing and there were no objections made at that time. The attorney for Mr. Berry then stated, "That is not true. I take exception. I take exception to that. That was not my agreement."

The attorney for Mama Mia's, Inc. stated in substance that he had filed a motion to retain the case on the docket in March 1976 but that for some reason the motion was not put in the court's file. He stated that he made a motion on the date of the trial in the 80th District Court that the case be reinstated because it was dismissed by mistake, and that the judge conducted a hearing in chambers on the matter. He stated that he offered to submit a written motion and that the judge stated that he considered that his oral representations at that hearing were under oath and would suffice to comply with Rule 165a of the Texas Rules of Civil Procedure. Without further discussion and without ruling on the motion the trial judge sitting in the 190th District Court proceeded with the trial on the merits.

The informal hearing conducted by the 80th District Court occurred more

than thirty days after the cause was dismissed for want of prosecution as shown by the docket sheet. Since there is no order reinstating the case in the record, and no sworn motion for reinstatement, we cannot presume that the trial court made, and that evidence was presented to support, the fact findings required by Rule 165a as jurisdictional prerequisites for reinstatement. The record before this court indicates that the trial court reinstated the case on an oral motion at a time when the judgment of dismissal had become final. Such a course of action is beyond the power of the trial court. *In the Matter of the Marriage of Jody Martin Parr and Archer Parr,* 543 S.W.2d 433 (Tex.Civ.App.—Corpus Christi 1976, no writ history); *Cosper v. Aetna Life & Casualty Co.,* 513 S.W.2d 121 (Tex.Civ. App.—Dallas 1974, no writ history); *Calaway v. Gardner,* 525 S.W.2d 262 (Tex.Civ. App.—Houston [14th] 1975, no writ history); *Riley v. Mead,* 531 S.W.2d 670 (Tex. Civ.App.—El Paso 1975, no writ history).

Judgment reversed and cause ordered dismissed.