**Nellie Bell BAUGHTMAN, nee Edge, Appellant,**

v.

**ELECTRIC INSURANCE COMPANY and Jack Traylor, Individually and d/b/a Jack Traylor Insurance Agency, Appellees.**

**No. 5677.**

Court of Civil Appeals of Texas, Waco.

June 2, 1977.

Rehearing Denied June 30, 1977.

Buford A. Cates, Jr., Dallas, for appellant.

W. Richard Bernays, Touchstone, Bernays & Johnston, John L. Lancaster, III, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Baughtman from an order of the trial court dismissing plaintiff's case for want of jurisdiction.

Plaintiff sued defendants Insurance Company and Traylor, an insurance agent, on an insurance policy issued by defendant Insurance Company and sold by defendant Traylor.

On May 27, 1975 the trial court dismissed plaintiff's case for want of prosecution. On May 29, 1975 plaintiff's counsel learned of such dismissal, and on June 12, 1975 filed motion to vacate order of dismissal and to reinstate the case. Attorneys for both defendants wrote letters to the trial court that they had no objection to reinstatement of the case. No action was taken by the trial court on such motion until August 28, 1975 when it granted the motion and reinstated the case. Thereafter the case was set for trial, and defendants moved the court to dismiss the case for want of jurisdiction. The trial court granted such motion, and on March 22, 1976 dismissed plaintiff's case for want of jurisdiction.

Plaintiff appeals on 4 points contending this case should be reversed because:

The trial court's order of dismissal for want of jurisdiction on March 22, 1976

incorrectly concluded the court was without jurisdiction to enter its prior reinstatement order of August 28, 1975.

And Plaintiff states in her brief the controlling question on this appeal is limited solely to the issue of whether the court did—pursuant to Rule 165a TRCP possess jurisdiction on August 28, 1975 to enter the reinstatement order.

The suit was dismissed for want of prosecution on May 27; plaintiff learned of same May 29; filed motion to reinstate on June 12; motion to reinstate was granted on August 28, 93 days after the entry of order of dismissal.

Prior to Rule 165a TRCP the trial court lost jurisdiction to reinstate a case dismissed for want of prosecution after the expiration of 30 days.

Rule 165a provides in part:

"Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal."

Thus, where plaintiff has notice of the dismissal within 20 days, as here, the order of reinstatement can only be made within 30 days after the signing of the order. This was not done in this case. The trial court was without jurisdiction on August 28, 1975 to enter the order of reinstatement. See: *Caddell v. Gray*, CCA (Waco) NWH, 544 S.W.2d 481; *Cosper v. Aetna Life & Casualty Company*, CCA (Dallas) NWH, 513 S.W.2d 121; *Riley v. Mead*, CCA (El Paso)

NWH, 531 S.W.2d 670; *Calaway v. Gardner*, CCA (Houston 14) NWH, 525 S.W.2d 262; *Bowen v. Armstrong*, CCA (El Paso).

All plaintiff's points are overruled.

AFFIRMED.