**JOHNSON RADIOLOGICAL GROUP et al., Appellants,**

v.

**Robert MEDINA et ux., Appellees.**

**No. 1807.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 3, 1978.

Rehearing Denied May 24, 1978.

Preston Shirley, Russell Serafin, Mills, Shirley, McMicken & Eckel, Galveston, Nicholas Zito, Jack R. Martin, Derral K. Sperry, Martin & Sperry, Houston, for appellants.

Gerald J. Goodwin, Brock, Williams & Boyd, Houston, for appellees.

COULSON, Justice.

Johnson Radiological Group, Danforth Memorial Hospital, Inc., and Jesse B. Johnson appeal from an order reinstating a case filed against them by Robert and Elisa Medina after the case had been dismissed for want of prosecution. Although we believe the reinstatement order is void since it was entered after the trial court had lost subject matter jurisdiction, we hold that we do not have jurisdiction to entertain an attack on it. We accordingly dismiss the appeal.

On July 5, 1977 the Tenth District Court of Galveston County dismissed the Medinas' suit for want of prosecution. On July 8th, the clerk of the court sent a postcard to the Medinas' counsel stating that the case had been dismissed. That postcard was received "on or about July 11th or 12th." On August 4th, the Medinas filed a motion to reinstate. On that same day, the trial court set a show cause hearing on reinstatement for August 18th. That hearing was held and on September 6th, the court entered a notation on its docket sheet that the Medinas' motion for reinstatement was granted. On October 18th, a formal order of reinstatement was signed.

■ Since the Medinas had notice of the order of dismissal within twenty days after its signing, the trial court had jurisdiction to order reinstatement only during the thirty days which followed July 5th, which is to say, only until August 4th. *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex.Sup. 1977); *Calaway v. Gardner*, 525 S.W.2d 262 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); Tex.R.Civ.P. 165a. Reinstatement was not granted within that period, and as a result the court's power over its dismissal judgment was lost. Since it was entered without authority the reinstatement order of September 6th is void. The fact that the motion for reinstatement was filed and an order to show cause was entered within thirty days from the date of dismissal for want of prosecution is immaterial; reinstatement itself must have been ordered within the thirty day period. *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex.Sup.1977); *Baughtman v. Electric Ins. Co.*, 553 S.W.2d 5 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.).

■ Despite our conclusion that the order is void, we nevertheless find that we must dismiss this appeal. An order reinstating a case after its dismissal is inherently, and beyond question, interlocutory. This court has no jurisdiction to act on appeals from interlocutory orders save in the three situations provided for by statute, i. e., pleas of privilege (art. 2008), appointments of receivers or trustees or orders overruling motions to vacate such appointments (art. 2250), and temporary injunctions (art. 2251). *Henderson v. Shell Oil Co.*, 182 S.W.2d 994 (Tex.Sup.1944).

We are aware that there is authority for the proposition that a court has the power to hear appeals from void interlocutory orders for the limited purpose of declaring their invalidity and setting them aside. *Caddell v. Gray*, 544 S.W.2d 481, 483 (Tex. Civ.App.—Waco 1976, no writ); *Matlock v. Williams*, 281 S.W.2d 229, 230 (Tex.Civ.App. —Beaumont 1955, no writ); see *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823 (1961). We deem such a rule ill considered since it opens the appellate courts to a potentially unlimited number of interlocutory appeals, with a concomitant frustration of the orderly and swift presentation of cases in the trial courts. Moreover, we believe that this rule is not the law of Texas, a belief reinforced by the supreme court's recent treatment of the matter of *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (1977). In that case, the court heard a mandamus action seeking to compel a judge to set aside a reinstatement order entered after the court had lost jurisdiction of the case. The fact that the supreme court accepted jurisdiction to hear this matter is significant since that court will not hear mandamus actions if the controversy can be resolved by appeal. *State ex rel. Pettit v. Thurmond*, 516 S.W.2d 119 (Tex.Sup.1974); *Pope v. Ferguson*, 445 S.W.2d 950 (Tex.Sup.1969). We view the court's exercise of jurisdiction in the *N–S–W* case as impliedly holding that no appeal lies from a void order of reinstatement. We consequently dismiss this appeal.