**W. M. LAIRD, Jr., Appellant,**

v.

**John F. JOBES et ux., Appellees.**

**No. 16141.**

Court of Civil Appeals of Texas, San Antonio.

March 21, 1979.

Emil Karl Prohl, E. Bruce Curry, Prohl, Leslie & Curry, Kerrville, for appellant.

H. Ritman Jons, Strauss & Jons, Kerrville, for appellees.

## OPINION

KLINGEMAN, Justice.

This is an appeal from a judgment of the District Court of Kimble County, Texas, denying appellant's motion to reinstate the case following a dismissal for want of prosecution by the court. The trial court, after a hearing on the motion, declared that Rule 165a, Texas Rules of Civil Procedure, would not authorize reinstatement of the case.

Appellant, the defendant below, asserts two points of error. First, the trial court erred in failing to allow appellant to reinstate the cause of action after it had been dismissed for want of prosecution, even

though appellant had not filed for affirmative relief, where appellee had not taken a voluntary nonsuit in a trespass to try title action. Second, appellant contends he was denied due process when he was not notified of the trial court's intention to dismiss the trespass to try title suit for lack of prosecution.

Rule 165a provides in part that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution."

On September 5, 1972, appellee, plaintiff below, filed his original petition in which he alleged that he was the owner of a 7.38-acre tract of land. He alleged further that sometime in April, 1972, appellant had built a fence which encroached on appellee's land, cutting off a portion thereof, and had wrongfully claimed that portion of appellee's land included within appellant's enclosure. The petition also included pleas of limitation under the three-, five-, ten-, and twenty-five-year statutes of limitations. Appellant filed an answer consisting only of a plea of not guilty.

On January 28, 1978, the court signed its order dismissing such case for want of prosecution. On February 27, 1978, appellant filed a motion to reinstate the suit. On May 3, 1978, the court entered an order setting a hearing on the motion to reinstate for June 1, 1978. On June 5, 1978, the court signed its order denying appellant's motion to reinstate such suit. It is undisputed that during all relevant periods of time appellant asserted no affirmative relief and his only pleading was a plea of not guilty in his original answer below.

■ A dismissal for want of prosecution is within the sound discretion of the trial court, and its action thereon will not be disturbed unless there is an abuse of discretion. *Southern Pacific Transportation Co. v. Stoot*, 530 S.W.2d 930 (Tex.1975); *Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.*, 548 S.W.2d 775 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.); *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.); *Moss v. State*, 361 S.W.2d 408 (Tex.Civ.App.—Eastland 1962, no writ).

Appellant concedes that ordinarily Rule 165a does not authorize a party who seeks no affirmative relief to have a case reinstated after it has been dismissed for want of prosecution. He argues, however, that the rule should be different as to a trespass to try title suit, and that if the general rule is allowed to govern, it will result in unjust enrichment of appellee to appellant's detriment. He argues that this action should be reinstated upon equitable grounds. We disagree. Rule 165a is plain and unambiguous. By its provisions, it is clearly limited to "any party seeking affirmative relief." There is no exception provided for trespass to try title actions.

The provisions of Rule 165a have heretofore been set forth in part. In addition, the rule provides that

[w]ithin thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

Tex.R.Civ.P. 165a.

■ Appellant's motion to reinstate does not affirmatively state that he was never

served with notice nor does appellant ever state exactly when he received actual notice. He does assert that at the time the suit was dismissed he mistakenly assumed that he had an attorney representing him and that if he had had knowledge of the court's intention to dismiss he would have filed a motion to set the suit for immediate hearing, which could have been done at any time prior to dismissal. A party to a suit is always charged with notice that it may be dismissed for want of prosecution where there is inaction for a long period of time.

It should be noted that the court dismissed this case for want of prosecution on January 28, 1978, more than five years after the filing of both plaintiff's original petition and defendant's original answer. Appellant's motion to reinstate was filed on February 27, 1978, within thirty days after entry of the order dismissing the case. No setting on the motion was made until May 3, 1978, however, with the hearing being set for June 1, 1978.

In *Cosper v. Aetna Life & Casualty Co.,* 513 S.W.2d 121 (Tex.Civ.App.—Dallas 1974, no writ), the court in discussing Rule 165a, stated:

> [The rule] extends the court's normal power to vacate its judgment within thirty days to 'any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.' This language does not extend the court's power to vacate an order of dismissal to a period of six months after the order in all cases, but limits that power to a period of thirty days after plaintiff has notice of the dismissal, with six months after the order as the ultimate limit. . . . The pleadings fail to show that appellants had no notice of the dismissal within the period of thirty days before the petition was filed. Consequently, if the 'bill of review' be considered as a motion to reinstate

under Rule 165a, the trial court correctly dismissed it for want of jurisdiction.

*Id.* at 122–23.

■ The facts of *Calaway v. Gardner,* 525 S.W.2d 262 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ) are analogous to those before us. In that case, appellant filed suit against the appellee on July 31, 1972. Trial was set for September 3, 1974, but appellant failed to appear. Appellee moved to dismiss for want of prosecution and a written order granting the motion was entered on September 3, 1974. Appellant's counsel was given notice of the dismissal and on September 11, 1974, prepared a motion to reinstate which was filed on September 12. The hearing on the motion to reinstate was set for December 2, 1974, and then reset for January 6, 1975, at which time the hearing was held. On January 23, 1975, the trial court signed an order denying the motion for reinstatement. The court of civil appeals held that the trial court correctly concluded that at the time of the hearing on January 6, 1975, he was without power to reinstate the case. Appellant there contended that the trial judge's action in refusing to reinstate the case because of the expiration of more than thirty days should be reversed because it was the duty of the judge to set the motion for hearing within the thirty-day period. The appellate court pointed out that the rule provides that "[t]he court shall set the motion for hearing as soon as practicable . . . ," but such language does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement. The court noted that the record there did not show that the movant requested a setting within such time and held that the failure of the judge to set a hearing on the motion within the thirty-day period, when he was not asked to make such setting, is not a ground for reversal of its order denying the reinstatement. The record in the case before us discloses that a setting on the motion to reinstate was not made until May 3, 1978, a period in excess of sixty days after the motion to reinstate was filed. There is nothing in the record to

indicate that appellant ever requested an earlier setting.

*See also Baughtman v. Electric Insurance Co.,* 553 S.W.2d 5 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.); *Caddell v. Gray,* 544 S.W.2d 481 (Tex.Civ.App.—Waco 1976, no writ).[1]

In support of his contention that a reinstatement should have been granted on equitable grounds, appellant asserts that a plaintiff should not be allowed to sit idly by to a defendant's prejudice; he urges that if the reinstatement is not allowed he will be met by a plea of the five-year statute of limitations in any later suit. In this connection, he occupies the same position that he did under the original petition in which appellee pleaded the five-year statute of limitations. He argues that in the present case appellee should not be allowed to mature his claim of limitations by his inaction. This argument cuts two ways. Appellant for a period of more than five years sought no affirmative relief and on the face of the pleadings before us his position may have been substantially improved. Appellee affirmatively alleged in his original petition that appellant had fenced in and was claiming a portion of appellees' premises, and five years have since elapsed. In any event, appellant took no action to protect himself against the dismissal of which he now complains.

■ It is often stated that a dismissal for want of prosecution is analogous to a voluntary nonsuit dismissal. It is well established that a plaintiff is entitled to a voluntary dismissal in a case where the defendant has not filed a counterclaim seeking affirmative relief, and such dismissal would not prejudice the defendant's right to be heard on his claim for affirmative relief. It has been held that it is an absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding where no affirmative relief is sought by the defendant. *Terry v. Howard,* 546 S.W.2d 66 (Tex.Civ.App.—Dallas 1976, no writ); *Roberts v. Morgan,* 502 S.W.2d 31 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); *Ex parte Helle,* 477 S.W.2d 379 (Tex.Civ.App.—Corpus Christi 1972, no writ); *State v. Roberson,* 409 S.W.2d 872 (Tex.Civ.App.—Tyler 1966, no writ); *Moody & Tips Lumber Co. v. South Dallas Bank & Trust Co.,* 246 S.W.2d 263 (Tex.Civ.App.—Dallas 1952, writ dism'd); *Graham v. Seale,* 221 S.W.2d 353 (Tex.Civ.App.—San Antonio 1949, no writ); Tex.R.Civ.P. 164.

■ In our opinion the law is correctly set forth in *George v. George,* 564 S.W.2d 172 (Tex.Civ.App.—Tyler 1978, no writ), where the court held that Rule 165a does not authorize a party seeking no affirmative relief to have a case reinstated after it has been dismissed for want of prosecution.

Under the record, we find no denial of due process to appellant. We have held that Rule 165a does not authorize a party seeking no affirmative relief to have his case reinstated after it has been dismissed for want of prosecution. In addition, appellant was given a hearing on his motion to reinstate and had his day in court. He wholly failed to meet the burden imposed upon him under the provisions of Rule 165a and failed to show any abuse of discretion.

We have considered all of appellant's points of error and all are overruled. The judgment is affirmed.

---

1. In *Baughtman,* the trial court reinstated the cause on August 28, 1975, ninety-three days after the entry of the order of dismissal. Thereafter, the case was set for trial and defendants moved to dismiss the case for want of jurisdiction, which motion was granted by the trial court. The court of civil appeals affirmed, holding that the trial court was without jurisdiction on August 28, 1975, to enter the order of reinstatement, pursuant to Rule 165a. In *Caddell,* plaintiff's attorney first learned of the order of dismissal on January 30, 1976, and promptly filed a motion to reinstate. The trial court granted such motion to reinstate on March 5, 1976, thirty-five days after plaintiff had notice of the dismissal. The appellate court held that the reinstatement was improperly granted because it was done at a time when the trial court had lost its jurisdiction.