**W. B. DUNAVANT & COMPANY,**
**Appellant,**

v.

**John DOEDYNS, Appellee.**

**No. 1499.**

Court of Civil Appeals of Texas, Corpus Christi.

March 30, 1979.

Richard D. Davis, Johnson & Davis, Harlingen, for appellant.

William E. York, McAllen, for appellee.

## OPINION

BISSETT, Justice.

The transcript in this cause was received by our Clerk on March 6, 1979. The transcript was received, but not filed, and a jurisdictional question brought to the attention of the Court. Rules 388 and 389, T.R. C.P. We conclude that the appeal was not perfected within the time required by Rules 356 and 386, and therefore dismiss the appeal.

Appellant W. B. Dunavant and Company, a buyer of cotton, sued appellee John Doedyns, a farmer and cotton grower, in 1973 for failure to deliver his entire 1973 cotton crop under the terms of a contract which allegedly obligated the appellee to sell all the cotton grown on his acreage to the appellant at an agreed-upon price.

On October 31, 1978, the case was dismissed by the trial court for want of prosecution pursuant to Rule 165a, T.R.C.P. Seventeen days later, on November 17, 1978, appellant filed a verified motion for reinstatement. A hearing on the motion was held November 30, 1978, and the motion was subsequently denied by order signed January 9, 1979. Appellant filed a cash deposit in lieu of bond on December 29, 1978.

■ *N–S–W Corp. v. Snell*, 561 S.W.2d 798 (Tex.Sup.1977) controls the disposition of this case. The trial court had jurisdiction of this cause for a period of thirty days after the cause was dismissed. Rule 329b(5). This period was not extended under Rule 165a because the motion to reinstate was filed within twenty days of the order of dismissal, thus establishing that appellant had notice within twenty days. *N–S–W Corp. v. Snell*, supra; *Johnson Radiological Group v. Medina*, 566 S.W.2d 117 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ dism'd as moot); *Baughtman v. Electric Insurance Co.*, 553 S.W.2d 5 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.); *Calaway v. Gardner*, 525 S.W.2d 262 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). It was not extended under Rule 329b(1), T.R.C.P., because the motion to reinstate, filed more than ten days after the order of dismissal, cannot be considered a motion for new trial. *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 645 (Tex.Sup.1974). See also *General Motors Corp., Chevrolet Division v. Lane*, 496 S.W.2d 533 (Tex.Sup. 1973); *Calk v. Gans & Smith Insurance Agency, Inc.*, 535 S.W.2d 755 (Tex.Civ.App. —Tyler 1976, no writ). Therefore, the trial court lost jurisdiction at the expiration of thirty days, or on November 30, 1978, and any order rendered thereafter was void.

Since the order of January 9, 1979, denying reinstatement of the case was void, the appeal could have been perfected only by filing an appeal bond or cash deposit within thirty days following the order of dismissal. Rule 356, T.R.C.P.; *Glidden Co. v. Aetna Casualty and Surety Co.*, 155 Tex. 591, 291 S.W.2d 315, 318 (1956). The deposit was not filed until December 29, 1978.

■ The record in this case was due to be filed in this Court within sixty days of the date on which the trial court's order was signed, unless the time was extended. Rules 386 and 21c, T.R.C.P. The sixtieth day following the order of dismissal was Saturday, December 30, 1978. The due date became Tuesday, January 2, 1979, the next day which was not a Saturday, Sunday, or legal holiday. Rule 4, T.R.C.P. The transcript was not tendered until March 6, 1979, and no motion to extend time has been filed.

We have no jurisdiction of the appeal. The appeal is DISMISSED.