**Ronald R. ROMACK, Appellant,**

v.

**CHAMPIONS BANK, Appellee.**

No. 17774.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 13, 1980.

Rehearing Denied Dec. 18, 1980.

James Boanerges, Houston, for appellant.

John F. Schaffer, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment entered in a suit based upon a promissory note. The principal point asserted by the appellant is that the trial court lacked jurisdiction of the case because it had been dismissed for want of prosecution and had not been properly reinstated on the day of the trial on the merits. The judgment will be reversed.

Champions Bank, appellee, brought this suit in County Court at Law No. Two of Harris County, Texas, in May of 1976, against Robert Moore and Ronald Romack for the balance due on a promissory note together with interest and reasonable attorneys fees. Robert D. Moore failed to answer and an interlocutory default judgment was rendered against him.

Ronald R. Romack filed his answer and on March 22, 1979, the case was ordered

preferentially set for June 18, 1979, by Judge Hugo Touchy. On June 14, 1979, Judge Touchy granted a motion for continuance. On June 18, 1979, Judge Touchy signed an order dismissing the case for want of prosecution because neither the plaintiff nor the defendant nor their attorneys appeared at the specially set trial on that date. On September 17, 1979, Judge Touchy signed an order reinstating the cause on the ground that the order dismissing the cause was entered in error. The case was called for a trial on the merits and the judgment was signed on March 6, 1980, by Judge Edward J. Landry. Appellant asserts in his brief that he first discovered that the order of dismissal had been rendered after he had ordered the transcript for this appeal. He asserts that the trial court was without jurisdiction to enter the judgment of March 6, 1980, because the case had been dismissed for want of prosecution on June 18, 1979, and was not thereafter reinstated in accordance with Rule 165a, Tex.R.Civ.P.

Romack contends that no motion to set aside the dismissal was ever filed, and that there was no hearing of which the parties had notice prior to the entry of the order reinstating the case on the court's docket.

Appellee, Bank, points out that this appeal was taken without a statement of facts. The Bank asserts that neither the lack of notice to Romack of the hearing on reinstatement, nor the lack of a hearing can be determined from the record before this court.

The order entered by Judge Touchy does not recite that the order was entered after a hearing, nor does it recite appearances by the parties or their attorneys. The order dismissing the case had become final long before the order reinstating was signed.

On September 17, 1979, Judge Touchy lacked jurisdiction to enter an order reinstating the cause on the docket without following the procedure provided in Rule 165a Tex.R.Civ.P. We consider that this Rule requires the process to be initiated by a verified motion for reinstatement filed with the clerk of the court. Thereafter a copy of the motion must be served on each attorney of record and each party not represented by an attorney. The transcript brought to this court does not reflect the filing of such a motion for reinstatement, nor service of a copy thereof on the attorneys of record. Since the order reinstating the case on the docket does not recite the filing of a motion and proper service, or the appearance of the parties or the attorneys at a hearing, we will not presume that there was a proper compliance with Rule 165a, supra.

The order of September 17, 1979, reinstating the case was improperly granted at a time when the trial court had lost jurisdiction of the cause. It follows that the judgment subsequently rendered in the same cause was void because the court no longer had jurisdiction of the cause of action to enter any judgment. *Riley v. Mead,* 531 S.W.2d 670 (Tex.Civ.App.—El Paso 1975, no writ); *Berry v. Riley,* 551 S.W.2d 74 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.); *Cosper v. Aetna Life & Casualty Company,* 513 S.W.2d 121 (Tex. Civ.App.—Dallas 1974, no writ).

The judgment entered in this cause on March 6, 1980 and the order reinstating the cause entered on September 17, 1979, are reversed and the order of June 18, 1979, dismissing the cause, is adjudged to be in full force and effect.