**B.J. FARMER, Individually and B.J. Farmer Management Services Corporation, Appellants,**

**v.**

**FIRST TEXAS SERVICE CORPORA-TION d/b/a First Texas Savings Association and Gary Atchley, Substitute Trustee, Appellees.**

**No. 2–83–132–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 16, 1984.

Ball, Landrith & Kulesz and G. Craig Hubble, Arlington, for appellants.

Jordan, Dunlap & Prather and Walter H. Dunlap, Jr., Dallas, for appellees.

Before HUGHES, ASHWORTH and HILL, JJ.

OPINION

HILL, Justice.

This is an appeal from the trial court's order overruling the appellants' motion to reinstate this cause which was dismissed for want of prosecution.

We affirm.

On April 2, 1982, suit was brought by the appellants, B.J. Farmer, Individually and

B.J. Farmer Management Services Corporation, all hereinafter referred to as Farmer, against the appellees, First Texas Service Corporation d/b/a First Texas Savings Association and Gary Atchley, all hereinafter referred to as First Texas.

The trial court signed its order dismissing this case for want of prosecution on April 18, 1983. Farmer received notice of the dismissal no later than May 17, 1983, and filed his motion to reinstate on May 17, 1983.

The motion was filed by a law clerk who had been sent by a secretary to see the judge to get a hearing set. When he got to court and said he wanted to see the judge, he was told that the judge was in jury trial. After being so informed, he told the court clerk he would like a hearing as soon as possible, and he left with her the motion with the order setting the motion for hearing, to be filled out and returned to the law office with the date of hearing noted thereon. On the same date, May 17, 1983, the judge of the court set the case for June 27, 1983, more than 30 days later. No effort of any kind was made to secure a hearing within 30 days of May 17th. After hearing, on June 27, 1983, motion to reinstate was overruled by the trial court.

By point of error number four, the appellant urges that the trial court erred in determining that it was without jurisdiction on June 27, 1983 to reinstate the case.

The answer to the jurisdictional question is governed by the following portion of TEX.R.CIV.P. 165a:

> Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court

may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

> A motion for reinstatement shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk, and a copy shall be served on each attorney of record and each party not represented by an attorney. The court shall set the motion for hearing as soon as practicable and notify all parties or their attorneys of record of the date, time and place of the hearing.

■ Rule 165a provides that the trial court may reinstate a case dismissed for want of prosecution at any time within 30 days of the signing of the order of dismissal, or, if there was no notice prior to 20 days after the signing, then the trial court may reinstate within 30 days after actual notice of such dismissal. *Harris County v. Miller*, 576 S.W.2d 808, 810 (Tex.1979); *Caddell v. Gray*, 544 S.W.2d 481, 483 (Tex. Civ.App.—Waco 1976, no writ); rule 165a. June 27, 1983 is 70 days after April 18, 1983, the date of the signing of the order of dismissal, and is 41 days after May 17, 1983, the date on which Farmer admittedly had actual notice of the dismissal. The trial court therefore had no jurisdiction on June 27, 1983 to reinstate the case. *Caddell v. Gray, supra.*

■ The appellants acknowledge this rule, but urge that since their law clerk asked the court clerk to set their motion for hearing as soon as possible, the failure of the trial court to do so was erroneous and is reviewable. It has been held that the language in the rule which provides that "[t]he court shall set the motion for hearing as soon as practicable ..." does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement. *Willis v. Barron*, 604 S.W.2d 447, 449 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). Since the record does not reveal that the judge was asked to set the

motion for reinstatement within 30 days of the dismissal or of the date Farmer first learned of the dismissal, the failure of the trial court to set a hearing on the motion within 30 days is not grounds for reversal of its denial of reinstatement. *Willis v. Baron, supra.* The only case relied upon by the appellants is *Willis v. Baron, supra,* which is on point and which we find to be in support of our ruling herein. Point of error number four is overruled.

Our ruling with respect to this point of error renders moot appellants' points of error one through three, and we therefore decline to review the same.

The judgment of the trial court overruling the appellants' motion for reinstatement is affirmed.